**HUNT CONSTRUCTION COMPANY, INC., et al., Petitioners,**

**v.**

**Oscar CAVAZOS, et al. d/b/a Cavazos Electric, Respondents.**

No. C–3816.

Supreme Court of Texas.

May 1, 1985.

Kleberg, Dyer, Redford and Weil, Gaston M. Broyles, Jr., Leslie O. Lynch, Corpus Christi, for petitioners.

Canales and Barrera, Terry A. Canales, Alice, for respondents.

PER CURIAM.

This is a suit for recovery on a contract. Oscar and Hector Cavazos contracted with Hunt Construction Company to perform electrical work on a school remodeling project in which Hunt Construction was the general contractor. The Cavazoses brought suit in the district court against

Hunt Construction and its surety, Aetna Casualty and Surety Company, for the unpaid retainage on the contract and for payment for additional work performed under an alleged subsequent oral agreement. The trial court awarded judgment for the Cavazoses. In an unpublished opinion, the court of appeals affirmed the trial court judgment with a modification in the amount of interest on the judgment, a question not before us.

Trial of this case was to a jury which found that the Cavazoses had completed their contract with Hunt Construction and that the Cavazoses provided additional labor and materials worth $14,100.00 under a subsequent oral agreement. The trial court rendered judgment for the Cavazoses for $19,089.70 plus $6363.23 attorney's fees. In addition to the $14,100.00 supported by the jury verdict, this judgment contains an award of $3473.36 for unpaid retainage and an award of $1516.34 for balance due under the original contract. The court of appeals affirmed these additional awards as being uncontested. Both Hunt Construction and Aetna Casualty have filed applications for writ of error.

The petitioners contest the award of $1516.34 for balance due on the original contract as it was not alleged as owing in the Cavazoses' pleading and was not submitted to the jury. Tex.R.Civ.P. 279 states in part that "all independent grounds of recovery or of defense not conclusively established under the evidence and upon which no issue is given or requested shall be deemed as waived...." The Cavazoses did not plead or pray for any balance due under the original contract other than retainage. Furthermore, that a balance was due was not conclusively established. Oscar Cavazos himself twice testified that all sums owed had been paid by Hunt Construction except for retainage and extras. The Cavazoses did not request a special issue on whether a balance on the original contract remained unpaid.

We therefore hold that the award of $1516.34 was contrary to Rule 279, and pursuant to Tex.R.Civ.P. 483, we grant the applications for writ of error of Hunt Construction and Aetna Casualty and Surety, and without hearing oral argument, we modify the judgments of the courts below to reduce the trial court judgment from $19,089.70 to $17,573.36 plus $6363.23 attorney's fees. The petitioners' remaining points of error are overruled.