**INTERCONTINENTAL GROUP PARTNERSHIP, Petitioner,**

v.

**KB HOME LONE STAR L.P., Respondent.**

No. 07–0815.

Supreme Court of Texas.

Argued March 12, 2009.

Decided Aug. 28, 2009.

Edward C. Snyder III, Jesse R. Castillo, Castillo Snyder, P.C., San Antonio, TX, for Petitioner.

Diann M. Bartek, Renee Forinash McElhaney, Natalie L. Hall, Cox Smith Matthews Incorporated, San Antonio, TX, for Respondent.

Justice WILLETT delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice GREEN, and Justice JOHNSON joined.

This breach-of-contract case poses a straightforward question: What does "prevailing party" mean? We have construed this phrase in a discretionary fee-

award statute [1] but not in a mandatory fee-award contract. Specifically, when a contract mandates attorney's fees to a "prevailing party," a term undefined in the contract, has a party "prevailed" if the jury finds the other side violated the contract but awards no money damages? We agree with the United States Supreme Court, which holds that to prevail, a claimant must obtain actual and meaningful relief, something that materially alters the parties' legal relationship.[2] That is, a plaintiff must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief. The plaintiff here secured neither. We thus reach the same conclusion as in another breach-of-contract case decided today: "a client must gain something before attorney's fees can be awarded."[3] We reverse the court of appeals' judgment and render a take-nothing judgment.

### I. Background

KB Home Lone Star L.P. (KB Home), a national homebuilder, contracted with Intercontinental Group Partnership (Intercontinental), a real estate developer, to develop lots in a McAllen subdivision known as Santa Clara and sell them to KB Home. The contract provided:

> *Attorney's fees.* If either party named herein brings an action to enforce the terms of this Contract or to declare

rights hereunder, the prevailing party in any such action, on trial or appeal, shall be entitled to his reasonable attorney's fees to be paid by losing party as fixed by the court.

"Prevailing party" was not defined.

Intercontinental began selling Santa Clara lots to other buyers, and KB Home sued for breach of contract (among other theories) and sought specific performance, damages, injunctive relief, and attorney's fees.[4] KB Home did not seek a declaratory judgment under the contract. At trial, KB Home sought only one type of actual damages: lost profits due to Intercontinental's alleged breach. Intercontinental counterclaimed, asserting that KB Home failed to honor an oral agreement to buy Santa Clara at a below-market price in exchange for an exclusive partner arrangement for future property acquisitions.

The jury found that Intercontinental breached the written contract but answered "0" on damages, though it did award KB Home $66,000 in attorney's fees.[5] The jury rejected Intercontinental's oral-agreement claim and consequently did not answer the conditional question about Intercontinental's attorney's fees related to that claim. Both parties moved for judgment, claiming attorney's fees as the "prevailing party." The trial court sided with KB Home and signed a judgment in

---

1. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997).

2. *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

3. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex.2009) (construing the attorney's fees provision in section 38.001 of the Texas Civil Practice & Remedies Code, which specifies that attorney's fees must be "in addition to the amount of a valid claim and costs").

4. Intercontinental had sold a majority of the Santa Clara lots to other developers, so KB

Home dropped its specific performance and injunctive relief claims before trial and sought only lost profits.

5. Specifically, the jury was asked: "Did Intercontinental Group Partnership fail to comply with the Santa Clara Lot Contract?" and separately "What sum of money, if any, if paid now in cash, would fairly and reasonably compensate KB Home Lone Star, L.P. for its damages, if any, that resulted from such failure to comply with the Santa Clara Lot Contract?"

its favor for $66,000, concluding that KB Home "should recover its damages against [Intercontinental] as found by the jury...." The court of appeals affirmed.[6]

## II. Is KB Home the Prevailing Party?

■ Under the American Rule, litigants' attorney's fees are recoverable only if authorized by statute or by a contract between the parties.[7]

### A. Applicability of Chapter 38 to KB Home's Breach Claim

We first address the applicability of the discretionary attorney's-fees provision in Chapter 38 of the Civil Practice and Remedies Code.[8] As seen here, the statutory and contract provisions are similar in general but dissimilar in particular:

| THE CONTRACT | CHAPTER 38 |
|---|---|
| If either party named herein brings an action to enforce the terms of this Contract or to declare rights hereunder, the prevailing party ... shall be entitled to his reasonable attorney's fees to be paid by losing party as fixed by the court. | A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract. |

We held in *Green International, Inc. v. Solis* that before a party is entitled to fees under section 38.001, that "party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages."[9] If *Green* and Chapter 38 applied to this case, KB Home could not

recover attorney's fees since it did not recover any damages. But *Green*, while instructive, is not controlling, nor is Chapter 38.

■ Parties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38's, and they have done so here. As KB Home points out, Chapter 38 permits recovery of attorney's fees "in addition to the amount of a valid claim," while nothing in the contract expressly requires that a party receive any "amount" of damages. The triggering event under the contract is that a party prevail in an action "to enforce the terms of this Contract or to declare rights hereunder...." True enough, but the question remains: what does "prevailing party" mean under the contract?

### B. Attorney's Fees Under the Contract

,The contract leaves "prevailing party" undefined, so we presume the parties intended the term's ordinary meaning.[10] We have found the United States Supreme Court's analysis helpful in this area.[11] In *Hewitt v. Helms*, the Court was faced with the question of whether a plaintiff who obtained a favorable judicial pronouncement in the course of litigation, yet suffered a final judgment against him, could be a prevailing party.[12] Helms had sued

---

6. 295 S.W.3d 668, 670.

7. *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 669 ("Texas has long followed the 'American Rule' prohibiting fee awards unless specifically provided by contract or statute." (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."))).

8. TEX. CIV. PRAC. & REM.CODE § 38.001.

9. 951 S.W.2d 384, 390 (Tex.1997).

10. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex.2005).

11. *See, e.g., Dallas v. Wiland*, 216 S.W.3d 344, 358 n. 61 (Tex.2007); *Sw. Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 55–56 (Tex. 1998); *Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 423 (Tex.1993).

12. 482 U.S. 755, 757, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987).

several prison officials alleging a violation of his constitutional rights.[13] The district court granted summary judgment against him on the merits of his claim, but the court of appeals reversed, holding that he had a valid constitutional claim.[14] On remand, the district court still rendered summary judgment against him, finding that the defendants were shielded by qualified immunity.[15] Helms then sought his attorney's fees, claiming that the court of appeals' decision made him the prevailing party.[16] The Supreme Court disagreed, saying "[r]espect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."[17] And since Helms did not obtain a damages award, injunctive or declaratory relief, or a consent decree or settlement in his favor, he was not a prevailing party.[18] Five years later in *Farrar v. Hobby*, a federal civil-rights case, the Court elaborated:

[T]o qualify as a prevailing party, a . . . plaintiff must obtain at least some relief on the merits of his claim. The plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought, or comparable relief through a consent decree or settlement. Whatever relief the plaintiff secures must directly benefit him at the time of the judgment or settlement. Otherwise the judgment or settlement cannot be said to "affect the behavior of the defendant toward the plaintiff." Only under these circumstances can civil rights litigation effect "the material alteration of the legal relationship of the parties" and thereby transform the plaintiff into a prevailing party. In short, a plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.[19]

The Court concluded that the plaintiff "prevailed" in *Farrar* because he was awarded one dollar in damages: "A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."[20] *Farrar* did not speak to whether a plaintiff awarded zero damages can claim prevailing-party status, but under the *Farrar* Court's analysis, a plaintiff who receives no judgment for damages or other relief has not prevailed.

The trial-court judgment in today's case recited the jury's finding that "[t]he sum of zero dollars would fairly and reasonably compensate KB" for its damages, if any, resulting from Intercontinental's breach, and that "[t]he sum of sixty-six thousand dollars and zero cents" constituted a reasonable fee for the necessary services of KB Home's attorneys. The judgment continued, however:

It appearing to the Court that, based upon the verdict of the jury, KB Home Lone Star should recover its *damages* against the International Group Part-

---

13. *Id.*

14. *Id.* at 757–58, 107 S.Ct. 2672.

15. *Id.* at 758, 107 S.Ct. 2672.

16. *Id.* at 759, 107 S.Ct. 2672.

17. *Id.* at 760, 107 S.Ct. 2672.

18. *Id.*

19. 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (reviewing attorney's fees awarded pursuant to 42 U.S.C. § 1988) (citations omitted).

20. *Id.* at 113–14, 113 S.Ct. 566 (noting that "the prevailing party inquiry does not turn on the magnitude of the relief obtained").

nership as found by the jury, and the Court so finds.

IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED that KB Home Lone Star have and recover from the International Group Partnership judgment for the sum of sixty-six thousand dollars and zero cents ($66,-000.00).[21]

■ The court erred in making that award. The jury answered "0" on damages, and KB Home sought no other type of relief, so the trial court should have rendered a take-nothing judgment against KB Home on its contract claim.[22]

It seems beyond serious dispute that KB Home achieved no genuine success on its contract claim. Whether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable. KB Home got nothing except a jury finding that Intercontinental violated the contract. It recovered no damages; it secured no declaratory or injunctive relief; it obtained no consent decree or settlement in its favor; it received nothing of value of any kind, certainly none of the relief sought in its petition.[23] No misconduct was punished or deterred, no lessons taught. KB Home sought over $1 million in damages, but instead left the courthouse empty-handed: "That is not the stuff of which legal victories are made."[24] Nor do we perceive any manner in which the outcome materially altered the legal relationship between KB Home and Intercontinental.[25] Before the lawsuit, Intercontinental was selling lots that were promised to KB Home. After the lawsuit, Intercontinental had sold the promised lots and was not required to pay a single dollar in damages or do anything else it otherwise would not have done.

■ As judgment should have been rendered in Intercontinental's favor, it is untenable to say that KB Home prevailed and should recover attorney's fees. A stand-alone finding on breach confers no benefit whatsoever.[26] A zero on damages

---

21. (Emphasis added).

22. Cf. State Farm Life Ins. Co. v. Beaston, 907 S.W.2d 430, 437–38 (Tex.1995) (rendering take-nothing judgment against party who recovered no damages on claim alleging violation of Insurance Code article 21.21, even assuming arguendo the party prevailed on the article 21.21 claim).

23. See Helms, 482 U.S. at 760, 107 S.Ct. 2672.

24. Id.

25. See Farrar, 506 U.S. at 111–12, 113 S.Ct. 566.

26. See id. at 111, 113 S.Ct. 566 (to be a prevailing party, "[w]hatever relief the plaintiff secures must directly benefit him...."). It is difficult to conclude a breach-of-contract plaintiff has prevailed when the jury says the plaintiff was wholly uninjured and denies all requested relief. As the dissent recognizes, money damages are essential in contract claims seeking money damages (though not for contract claims seeking something else). 295 S.W.3d 650, 664. Every single court of appeals has likewise held that one of the required elements in a breach-of-contract suit seeking money damages is that the plaintiff was in fact damaged by the breach. Wright v. Christian & Smith, 950 S.W.2d 411, 412 (Tex. App.-Houston [1st Dist.] 1997, no pet.); Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc., 262 S.W.3d 813, 825 (Tex.App.-Fort Worth 2008, no pet.); Roundville Partners, L.L.C. v. Jones, 118 S.W.3d 73, 82 (Tex.App.-Austin 2003, pet. denied); Killeen v. Lighthouse Elec. Contractors, L.P., 248 S.W.3d 343, 349 (Tex.App.-San Antonio 2007, pet. denied); Reynolds v. Nagely, 262 S.W.3d 521, 527 (Tex.App.-Dallas 2008, pet. denied); West v. Brenntag Sw., Inc., 168 S.W.3d 327, 337 (Tex.App.-Texarkana 2005, pet. denied); Domingo v. Mitchell, 257 S.W.3d 34, 39 (Tex. App.-Amarillo 2008, pet. denied); Hovorka v. Cmty. Health Sys., Inc., 262 S.W.3d 503, 508–09 (Tex.App.-El Paso 2008, no pet.); Sullivan v. Smith, 110 S.W.3d 545, 546 (Tex.App.-Beaumont 2003, no pet.); Bank of Am., N.A. v. Hubler, 211 S.W.3d 859, 864 (Tex.App.-

necessarily zeroes out "prevailing party" status for KB Home.[27]

## C. Declaration of Rights?

■ KB Home argues that it should nonetheless recover attorney's fees because it sued to "declare rights" under the contract and prevailed by obtaining a jury verdict that Intercontinental breached the contract. We disagree. In *Southwestern Bell Mobile Systems v. Franco* we noted that "[i]t is the judgment, not the verdict, that we must consider in determining whether attorney's fees are proper." [28] The United States Supreme Court has likewise reasoned that the *judgment* is critical to the prevailing-party determination.[29] In this case, the trial court should have rendered a take-nothing judgment on KB Home's contract claim. Neither law nor logic favors a rule that bestows "prevailing party" status upon a plaintiff who requests $1 million for actual injury but pockets nothing except a jury finding of non-injurious breach; to prevail in a suit that seeks only actual damages—compensation for provable economic harm—there must be a showing that the plaintiff was actually harmed, not merely wronged.

If KB Home had brought its breach-of-contract case and obtained favorable answers on the same "failure to comply" questions, but the jury also found that an affirmative defense barred KB Home's claim, a take-nothing judgment in favor of Intercontinental would have been rendered. There would be no dispute that KB Home had not prevailed, despite jury findings that Intercontinental breached. No rational distinction exists between that scenario and the one before us. In both, the end result is a take-nothing judgment with no meaningful judicial relief for KB Home. Its only "relief" in either case is the gratification that comes with persuading a jury that Intercontinental behaved badly. But vindication is not always victory. However satisfying as a matter of principle, "purely technical or *de minimis*" success affords no actual relief on the merits that would materially alter KB Home's

Waco 2006, pet. granted, judgm't vacated w.r.m.); *United Plaza–Midland, L.L.C. v. First Serv. Air Conditioning Contractors, Inc.*, No. 11–05–00382–CV, 2007 WL 4536525, at *7 (Tex.App.-Eastland Dec. 20, 2007, pet. denied) (mem. op.); *Lake v. Premier Transp.*, 246 S.W.3d 167, 173 (Tex.App.-Tyler 2008, no pet.); *Pegasus Energy Group v. Cheyenne Petroleum*, 3 S.W.3d 112, 127 (Tex.App.-Corpus Christi 1999, pet. denied); *West v. Triple B Servs., L.L.P.*, 264 S.W.3d 440, 446 (Tex.App.-Houston [14th Dist.] 2008, no pet.).

27. We said in a 1998 decision discussing *Farrar* that two plaintiffs who proved retaliatory discharge under Texas law "prevailed" even though the jury awarded no money damages. *Sw. Bell Mobile Sys. v. Franco*, 971 S.W.2d 52, 56 (Tex.1998) (per curiam). Unlike today's case, however, one of the plaintiffs in *Franco* received equitable relief: reinstatement. As to that plaintiff, *Franco* correctly decided that he was a prevailing party. However, like KB Home in this case, the other *Franco* plaintiff received no relief whatsoever.

As we noted in *Franco*, under the United States Supreme Court's reasoning in *Farrar*, " 'the only reasonable fee' " when a plaintiff fails to prove damages is usually " 'no fee at all.' " *Id.* at 55–56 (quoting *Farrar*, 506 U.S. at 115, 113 S.Ct. 566). Also, our 1998 *Franco* decision predated the United States Supreme Court's 2001 decision in *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, 532 U.S. 598, 603, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), which refined its earlier analysis and basically held: "no money judgment, no fees." Accordingly, we disagree with *Franco* that a plaintiff who recovers no money and receives no equitable relief can be a prevailing party. Instead, a plaintiff must receive affirmative judicial relief to be considered a prevailing party.

28. 971 S.W.2d at 56.

29. *Buckhannon*, 532 U.S. at 603–04, 121 S.Ct. 1835.

relationship with Intercontinental.[30] Accordingly, KB Home, while perhaps a "nominal winner"[31] in convincing the jury that it was "wronged,"[32] cannot be deemed a "prevailing party" in any non-Pyrrhic sense.[33]

### III. Is Intercontinental the Prevailing Party?

■ If KB Home "lost" by receiving no damages does that mean Intercontinental "won" by remitting no damages? We cannot reach this question if it is not properly presented, and it is not. On the record before us,[34] it is undisputed that Intercontinental neither preserved the issue nor presented any evidence (either before, during, or after trial) regarding its attorney's fees for defending KB Home's breach-of-contract claim.[35] This failure, along with others discussed below, waives any right to recovery.[36]

■ Intercontinental contends that the phrase "fixed by the court" in the contract means the trial judge, not the jury, decides the proper measure of attorney's fees after trial ends, thus "there was no need for Defendant to have submitted a question on attorneys fees." Reading "fixed by the court" to mean "fixed by the judge" is a straightforward construction.[37] But a con-

---

**30.** *See Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989) ("Where the plaintiff's success on a legal claim can be characterized as purely technical or *de minimis*, a district court would be justified in concluding that" attorney's fees should be denied.).

**31.** ABRAHAM LINCOLN, NOTES FOR LAW LECTURE (July 1, 1850), *reprinted in* 2 COLLECTED WORKS OF ABRAHAM LINCOLN 142 (John G. Nicolay & John Hay eds. 1894) ("Discourage litigation. Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often a real loser—in fees, expenses, and waste of time.").

**32.** *But see Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Co.*, 313 F.3d 385, 389 (7th Cir.2002) (Posner, J.) ("[A] breach of contract is not considered wrongful activity in the sense that a tort or a crime is wrongful. When we delve for reasons, we encounter Holmes's argument that practically speaking the duty created by a contract is *just* to perform or pay damages....") (citing OLIVER WENDELL HOLMES, JR., THE COMMON LAW 300–02 (1881) and Oliver W. Holmes, *The Path of the Law*, 10 HARV. L.REV 457, 462 (1897)).

**33.** *See Goland v. Cent. Intelligence Agency*, 607 F.2d 339, 356 (D.C.Cir.1978) (declining to define "substantially prevail" in the Freedom of Information Act but doubting "that plaintiffs could be said to have 'substantially prevailed' if they, like Pyrrhus, have won a battle but lost the war."). *See also Farrar v.*

*Hobby*, 506 U.S. 103, 117, 119, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (O'Connor, J., concurring) (noting that a plaintiff who achieves a purely technical victory, something Justice O'Connor labels "[c]himerical accomplishments," has in reality "failed to achieve victory at all, or has obtained only a pyrrhic victory for which the reasonable fee is zero.").

**34.** In this Court, both the clerk's and reporter's records are partial.

**35.** As its briefing makes clear, the only evidence Intercontinental introduced on attorney's fees, and the only jury question it submitted on attorney's fees, concerned "its *separate counterclaim* for breach of an *oral* agreement by Plaintiff" (emphasis in original), not its defense of KB Home's breach-of-contract claim. Intercontinental concedes that since it lost on that affirmative claim, "the jury rightfully denied Defendant's request for attorneys fees on that claim, and Defendant does not complain about that finding."

**36.** *See Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex.1998) (noting that reasonableness and necessity of fees are "question[s] of fact for the jury's determination") (quoting *Trevino v. Am. Nat'l Ins. Co.*, 140 Tex. 500, 168 S.W.2d 656, 660 (1943)).

**37.** Somewhat analogous to this contract provision is the attorney's-fees provision in the Texas Declaratory Judgment Act (DJA): "[T]he court may award costs and reasonable

tract's overriding purpose is to capture the parties' intent, meaning we must construe it in light of how the parties meant to construe it. In this case, the parties' trial conduct is itself instructive.

In this case, KB Home submitted the attorney's-fees issue, like other fact issues, to the jury, not to the court, and the record contains no indication that Intercontinental objected.[38] Intercontinental's lone pleading requesting attorney's fees is its original counterclaim, where it asserts Chapter 38, not the written contract, as a basis for recovering fees related to its oral-contract counterclaim. The one time that Intercontinental mentioned fees spent defending KB Home's written-contract claim came during a post-trial hearing for entry of judgment when Intercontinental argued, "If they're not the prevailing party, then we successfully defended. And . . . we're entitled to attorney's fees. And I'm prepared to present evidence today to that effect." The trial court did not respond, and Intercontinental neither pressed the issue nor made any offer of proof. The record contains no mention of a jury-charge conference or any pretrial conference, much less one indicating that the manner of setting attorney's fees was in question. Intercontinental never argued

the contract was ambiguous. Moreover, there is no indication that Intercontinental asked the trial court to take judicial notice of trial testimony concerning its attorney's fees,[39] or that Intercontinental offered any fees-related testimony in the post-trial hearing.

Both KB Home as plaintiff on its written-contract claim and Intercontinental as counter-plaintiff on its oral-contract claim submitted an attorney's fees question on their affirmative claims, apparently because they understood that the jury would hear evidence and decide what fee award, if any, was proper. Thus, the parties, given how they and the trial court actually tried the case, interpreted "fixed by the court" to mean that fees in this case would be determined by a court proceeding (for example, a court judgment effectuating the jury's verdict). This reading is not unreasonable. The contract does not reserve fees specifically to the trial judge, but to the court, and both parties submitted all fact questions to the jury. In short, any reading of "fixed by the court" must be informed by the record and by how the parties chose to present fees to the jury on their respective claims.

In any case, even assuming the written contract reserved attorney's fees exclusive-

and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC & REM.CODE § 37.009. One court of appeals has recently noted that, "[o]n the face of this provision, it would appear that the trial court, not the jury, determines the amount of attorneys' fees. . . ." *Ogu v. C.I.A. Servs. Inc.*, No. 01–07–00933–CV, 2009 WL 41462, at *3 (Tex.App.-Houston [1st Dist.] Jan. 8, 2009, no pet.) (mem. op.). But, the court continued, "the amount of the attorneys' fees is a question of fact for the jury to decide." *Id.* (citing *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 367 (Tex.2000)). We express no view on the matter.

38.   In Texas courts, the reasonableness of attorney's fees is normally "a fact issue for the

jury." Scott A. Brister, *Proof of Attorney's Fees in Texas*, 24 ST. MARY'S L.J. 313, 349 (1993) ("Texas law treats attorney's fees as a fact issue for the jury rather than as a collateral matter usually determined by the court after the trial has been concluded and the loser determined."). Obviously, parties can contract otherwise if they wish.

39.   TEX. CIV. PRAC & REM.CODE § 38.004 ("The court may take judicial notice of the usual and customary attorney's fees and of the contents of the case file without receiving further evidence in: (1) a proceeding before the court; or (2) a jury case in which the amount of attorney's fees is submitted to the court by agreement.").

ly to the judge and not the jury, Intercontinental has certainly waived that argument and its rights to recover fees under the contract. Intercontinental did not plead for attorney's fees under the contract, and never sought to amend its pleadings to do so.[40] Nor, apparently, did Intercontinental ever object, either before the case went to the jury or post-trial, that KB Home's jury question on attorney's fees was immaterial because the contract left that issue to the judge. As noted above, Intercontinental first raised its "fixed by the court" argument during a post-trial hearing for entry of judgment, after the case (including Intercontinental's jury request for fees on the oral contract) had been fully tried to the jury. Nothing indicates that Intercontinental made the trial court aware of its position before the jury charge was submitted or raised *any* issue about the contract's meaning as to attorney's fees. Nor did Intercontinental offer any evidence when it made its oral, post-trial request that the trial court award it fees under the contract.

Given that both parties tried questions of breach and attorney's fees to the jury, Intercontinental cannot be excused for failing to submit a jury question on attorney's fees incurred in defending KB Home's lawsuit on the written contract, or otherwise

preserving the issue for appellate review.[41] The issue of whether a breaching-but-nonpaying defendant can be a "prevailing party" under an attorney's-fees provision like this is interesting legally, but not before us procedurally.[42]

## IV. Response to the Dissent

The dissent accuses the Court of ignoring the contract's language in order to reach an easy-to-apply answer. Nothing could be further from the truth. Since the contract leaves "prevailing party" undefined, we must do our best to effectuate the parties' intent. We believe the most sensible interpretation is that a plaintiff prevails by receiving tangible relief on the merits.

■ Despite what the dissent contends, the Court is not saying a plaintiff must recover a money judgment in every breach-of-contract action. Quite the opposite. The dissent cites a variety of situations where we agree the plaintiff would "prevail": when the plaintiff obtains rescission of the contract, specific performance, an injunction, or a declaratory judgment. Today's decision is not grounded on the fact that KB Home received no money damages, but rather on the fact that KB Home received nothing at all.[43]

---

**40.** Tex.R. Civ. P. 301 (providing that the court's judgment shall conform to the pleadings).

**41.** Tex.R. Civ. P. 279 ("Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived."); *cf. Wilz v. Flournoy,* 228 S.W.3d 674, 676–77 (Tex.2007) (per curiam); *Hunt Constr. Co. v. Cavazos,* 689 S.W.2d 211, 212 (Tex.1985) (per curiam).

**42.** Some might argue that not every lawsuit produces a winner (even cases that go to verdict); the parties could battle to what amounts to a draw, pay their own fees and

expenses, and go home. Here, a jury finds there was breach but not injurious breach; the wronged plaintiff gets nothing and the wrongdoing defendant gives nothing. If "receiving no damages" means the plaintiff did not prevail, does "remitting no damages" necessarily mean the breaching defendant prevailed? When defining litigation success, some might argue that while relief is required for plaintiffs to prevail, a finding of "no breach" is required for defendants—that is, a desired finding on breach is insufficient for plaintiffs but indispensable for defendants.

**43.** Citing cases from 1917 and earlier, the dissent also argues that KB is the prevailing party because it is entitled to nominal dam-

The reason we focus on money damages is because KB Home focused on money damages. Had KB Home pursued nominal damages, rescission, specific performance, injunctive relief, or declaratory relief, that would be another case.[44] But since KB Home's sole goal at trial was actual damages, it cannot declare victory without recovering any, a point the dissent seems to concede: "Money damages may be indispensable in contract claims *seeking money damages....*"[45] This is exactly such a claim.

■ The jury's verdict delivered KB Home a stand-alone finding on breach, but a breach-of-contract plaintiff who seeks nothing beyond economic damages cannot receive a judgment based on breach alone.[46] In *CU Lloyd's of Texas v. Feldman,* the court of appeals granted the plaintiff a partial summary judgment on liability and rendered judgment for him.[47] We reversed, holding:

> When the relief sought is a declaratory judgment, an appellate court may properly render judgment on liability alone. In this case, however, Feldman sought no declaratory relief and no evidence of damages was submitted or considered.... Thus, the court of appeals

erred in rendering judgment for Feldman.[48]

*Feldman* was a summary-judgment case (where the plaintiff submitted no evidence of damages), and today's case arises in a jury-verdict context (where the plaintiff submitted evidence of damages that the jury rejected), but the common thread is plain: Absent tangible relief, either monetary or equitable, a judgment on liability alone is improper. Where a party seeks only damages, as here, damages are a precondition to "prevailing."

■ It is unconvincing to construe KB Home's suit as one seeking declaratory relief. The DJA, like the contract, covers an action "to declare rights,"[49] and as explained above, authorizes an award of attorney's fees. A declaratory judgment, by its nature, is forward looking; it is designed to resolve a controversy and prevent future damages.[50] It affects a party's behavior or alters the parties' legal relationship on a going-forward basis. Here, however, KB Home's suit was decidedly focused on the past, seeking backward-looking money damages for prior breaches of contract. The dissent is right that "[a]n action to 'declare rights' is not an action

ages. 295 S.W.3d 650, 663. Nothing in the record shows that KB Home requested nominal damages in the trial court or that it appealed any non-award of nominal damages, so that scenario is simply not before us today. More to the point, as the Court makes clear in another case decided today, the modern Texas rule is that "nominal damages are not available when the harm is entirely economic and subject to proof (as opposed to non-economic harm to civil or property rights)." *MBM Fin. Corp. v. Woodlands Operating Co.,* 292 S.W.3d 660, 665 (Tex.2009). KB Home asked the jury to award damages to remedy an "entirely economic" harm that was "subject to proof": lost profits.

**44.** To this end, the dissent is mistaken in saying we are requiring parties to wait until

they are damaged in order to seek a declaration of their respective rights.

**45.** 295 S.W.3d 650 at 664.

**46.** *See CU Lloyd's of Tex. v. Feldman,* 977 S.W.2d 568, 568 (Tex.1998) (per curiam).

**47.** *Id.* at 569.

**48.** *Id.* (internal citations omitted).

**49.** TEX. CIV. PRAC. & REM.CODE § 37.003.

**50.** *See Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex.1995) ("A declaratory judgment is appropriate only if a justiciable controversy exists as to the rights and status of the parties and the controversy will be resolved by the declaration sought.").

for money damages," [51] but this case was never the former and always the latter. KB Home could have brought a declaratory-judgment action and "prevailed" (and thus recovered attorney's fees) had the trial court rendered judgment on liability.[52] It chose not to, opting instead to seek actual damages from the jury. The attorney's-fees provision does not require a monetary recovery in every case, but KB Home made it necessary in this case by demanding only monetary, not declaratory, relief.

The dissent contends the judgment declares the parties' rights, but the part of the judgment the dissent quotes from merely incorporates the jury verdict. KB Home's petition sought jury findings on breach, damages and attorney's fees. Taken at face value, the lawsuit asks the jury to "enforce the terms of this Contract"; it does not ask the court to declare rights. Intercontinental's attorney noted as much at a post-trial hearing, stating that "an action to enforce a contractual provision" is "exactly what we're dealing with here." There are cases where parties who disagree over a contract's meaning have asked the courts to declare their respective rights,[53] but these cases are typically brought as declaratory-judgment actions. One exception is *Feldman*, which strengthens our decision today as illustrated in *Feldman*'s opening paragraph:

> In this insurance case, we consider whether a court of appeals may properly render judgment on a party's liability

for breach of contract without evidence of damages and when no declaratory judgment has been sought. We conclude that it cannot. . . .[54]

Finally, the dissent resurrects an old version of Black's Law Dictionary to define "prevailing party" as the one who prevails on the "main issue" of the case. The dissent then states there was "no doubt the main issue was defendant Intercontinental's counterclaim," and because the jury found for KB Home on that counterclaim, KB Home must be the prevailing party. But this analysis does precisely what the dissent accuses the Court of doing: It disregards the language of the contract.

The attorney's-fees provision makes clear that the prevailing party is judged by "an action to enforce the terms of *this Contract* or to declare rights *hereunder*." [55] The problem with the dissent's analysis is that Intercontinental's counterclaim was not rooted in the parties' written contract, but rather in an alleged separate oral agreement. Under the dissent's "main issue" test, the interpretation of "prevailing party" in "this Contract" is controlled by the fate of a claim brought under a separate oral contract.

Displacing the parties' agreed-to language with the dissent's "main issue" analysis would yield an anomalous result: Plaintiff sues for $1 million-plus, winds up empty-handed, but nonetheless "prevails." That cannot be right. Focusing on what

---

**51.** 295 S.W.3d 650, 663.

**52.** *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex.1998) ("When the relief sought is a declaratory judgment, an appellate court may properly render judgment on liability alone.").

**53.** *See* TEX. CIV. PRAC. & REM.CODE § 37.004; *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 641 (Tex.2005); *Brooks v. Northglen Ass'n*,

141 S.W.3d 158, 161 (Tex.2004); *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998) (per curiam); *Firemen's Ins. Co. of Newark, N.J. v. Burch*, 442 S.W.2d 331, 332 (Tex.1968); *Hoover v. Gen. Crude Oil Co.*, 147 Tex. 89, 90, 212 S.W.2d 140, 141 (1948).

**54.** 977 S.W.2d at 568.

**55.** (Emphasis added).

KB Home walked away with post-trial—no relief whatsoever—we cannot say it emerged the prevailing party.

### V. Conclusion

Whether seeking attorney's fees under Chapter 38 (which impliedly requires a claimant to first recover damages)[56] or under this contract (where the jury denied the claimant's sole basis for recovery), the bottom line is the same: As there was no award to the client, there can be no attorney's fee award either.[57] KB Home obtained nothing of value from its breach-of-contract lawsuit—certainly no judgment acknowledging compensable injury—and thus cannot recover its attorney's fees under the contract: "to recover those fees, the [claimant] had to recover damages for breach of contract."[58] On these uncommon facts, we adopt a "no harm, no fee" rule, meaning a stand-alone finding of breach unaccompanied by any tangible recovery (either monetary or equitable relief) cannot bestow "prevailing party" status. As for Intercontinental, it waived any claim for attorney's fees defending KB Home's breach-of-contract claim by not submitting the issue to the factfinder. Accordingly, we reverse the court of appeals' judgment and render judgment that KB Home take nothing.

Justice BRISTER filed a dissenting opinion, in which Justice O'NEILL, Justice WAINWRIGHT and Justice MEDINA joined.

Justice BRISTER, joined by Justice O'NEILL, Justice WAINWRIGHT and Justice MEDINA, dissenting.

You would hardly know it from the Court's opinion, but the only question in this case is what the parties intended in a contract providing attorney's fees for "the prevailing party." In the rush to find a simple answer, the Court grabs the nearest tool at hand: federal and state laws using the same words. But legislative intent (which forms the basis of the companion case decided today[1]) is not the same as the parties' intent, unless the parties intended to adopt the same meaning—and there is no evidence here that they did. To the contrary, we must presume they did not, as the defendant filed only a partial reporter's record with no statement of points.[2]

The judgment here granted the plaintiff KB Home no damages, but, as the Court admits, "nothing in the contract expressly requires that a party receive any amount of damages" before recovering its fees.[3] The contract provided fees to the prevailing party in an action "to declare rights hereunder," and the judgment here declared that the defendant Intercontinental breached the contract. This alone was enough to justify the fee award.

KB Home's victory in the trial court was not Pyrrhic—that is, a victory "won at

---

56. *MBM Financial Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660 (Tex.2009).

57. *See id.* at 663 ("a client must gain something before attorney's fees can be awarded.").

58. *Id.* at 671.

1. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660 (Tex.2009).

2. *See Feldman v. Marks,* 960 S.W.2d 613, 614 (Tex.1996) (per curiam) ("If an appellant fails to present a complete statement of facts on appeal, the appellate court must presume that the omitted portions are relevant and support the trial court's judgment."); Tex.R.App. P. 34.6(c)(1).

3. 295 S.W.3d at 653 (quotation marks omitted).

excessive cost."[4] Until now, this suit cost KB Home nothing because the jury assessed fees against its opponent. It hardly seems fair to declare that KB Home gained nothing by this suit *after* setting aside the part of the jury verdict and judgment in which it gained something.

I agree with the court of appeals that under this contract, "liability, not damages, is the appropriate indicator of which party has prevailed in litigation."[5] Accordingly, I would affirm the judgment for the plaintiff; because the Court does otherwise, I respectfully dissent.

## I. "To Declare Rights Hereunder"

Texas follows "the American Rule" prohibiting recovery of attorney's fees unless provided by contract or statute.[6] As this fee award depends entirely on a contract, we must start with the contract's terms:

*Attorney's Fees.* If either party named herein brings an action to enforce the terms of this Contract or to declare rights hereunder, the prevailing party in any such action, on trial or appeal, shall be entitled to his reasonable attorney's fees to be paid by [the] losing party as fixed by the court.

Even if "prevailing party" status usually requires an award of money damages (which, as shown below, it does not), this contract precludes such an interpretation for three reasons. First, the contract provides fees for a prevailing *defendant* as well as a prevailing *plaintiff.* A defendant with no counterclaim could never recover money damages, yet under this contract would be entitled to recover its attorney's fees anyway.

Second, the contract provides for fees in actions "to declare rights hereunder." An action to "declare rights" is not an action for money damages; a declaratory judgment may be rendered on liability alone without any reference to damages.[7] The Court says KB Home did not obtain a judgment declaring its rights, but that is not what the judgment itself says. After detailing the jury's verdict, the judgment explicitly states on page 4 that Intercontinental "failed to comply with the Santa Clara Lot Contract" and its "failure to comply was not excused." What more could a judgment say to declare the parties' contractual rights?

Third, a party with no damages can still bring an action "to enforce the terms" of a contract. Since its earliest days, Texas law has provided that a party who has suffered no damages may still obtain nominal damages for breach of contract.[8] A party with no damages may also seek re-

---

**4.** Webster's Third New International Dictionary 1855 (2002).

**5.** 295 S.W.3d at 669.

**6.** *Tony Gullo Motors I, L.P. v. Chapa,* 212 S.W.3d 299, 310–11 (Tex.2006).

**7.** *CU Lloyd's of Tex. v. Feldman,* 977 S.W.2d 568, 569 (Tex.1998) (per curiam) ("When the relief sought is a declaratory judgment, an appellate court may properly render judgment on liability alone.").

**8.** *See, e.g., Lubbock Mfg. Co. v. Sames,* 598 S.W.2d 234, 237 (Tex.1980); *Malakoff Gin Co. v. Riddlesperger,* 108 Tex. 273, 192 S.W.

530, 532 (1917); *Porter v. Kruegel,* 106 Tex. 29, 155 S.W. 174, 175 (1913); *Raymond v. Yarrington,* 96 Tex. 443, 73 S.W. 800, 804 (1903); *Davis v. Tex. & P. Ry.,* 91 Tex. 505, 44 S.W. 822, 823 (1898); *Seibert v. Bergman,* 91 Tex. 411, 44 S.W. 63, 64 (1898); *East Line & Red River R.R. v. Scott,* 72 Tex. 70, 10 S.W. 99, 102 (1888); *Stuart v. W. Union Tel. Co.,* 66 Tex. 580, 18 S.W. 351, 352 (1885); *Moore v. Anderson,* 30 Tex. 224, 231 (1867); *Hope v. Alley,* 9 Tex. 394, 395 (1853); *McGuire v. Osage Oil Corp.,* 55 S.W.2d 535, 537 (Tex. Comm'n App.1932, holdings approved); *see also* Note, *Pleading—Necessity of Damage to Cause of Action,* 9 Tex. L.Rev. 111, 112 (1930) (citing cases).

scission or specific performance.[9] Money damages may be indispensable in contract claims *seeking money damages*, but not for contract claims seeking something else.

The Court says "[a] stand-alone finding on breach confers no benefit whatsoever."[10] But this judgment did not rescind the contract or render it void, and there was no evidence all the lots in Santa Clara had been sold. While KB Home did not request specific performance, that does not mean either party no longer has to perform. Before suit was filed, Intercontinental acted as if it were excused from the contract; this judgment says it is not. That seems to me precisely the kind of "judicially sanctioned change in the legal relationship of the parties"[11] that makes KB Home at least partly the winner.

The Court avoids the parties' contract by looking entirely to federal and state statutory law, but those laws are drafted differently. In Texas, statutory attorney's fees for breach of contract require a monetary recovery because the statute provides for fees only when recovered "in addition to the *amount* of a valid claim."[12] The federal Declaratory Judgment Act does not authorize attorney's fees,[13] so the Supreme Court cases said to be "helpful in this area" all concern federal statutes attaching attorney's fees to a damages claim.[14] Of course, the Supreme Court's views are not just "helpful" but *binding* when we construe those federal statutes. But that is not the case when we apply Texas law to construe a Texas contract whose terms differ from any existing federal or state law. As there is no evidence the parties contracted with reference to these statutes or cases, relying on them simply replaces the parties' intent with someone else's.

I agree that if a statute of limitations or some other affirmative defense barred KB Home's contract claim, it could not be the prevailing party. But the judgment in such a case would declare that KB Home had no contractual rights due to that affirmative defense. By contrast, the absence of damages does not preclude a declaration

---

9. *See, e.g., DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594 (Tex.2008) (specific performance); *Country Cupboard, Inc. v. Texstar Corp.*, 570 S.W.2d 70, 73–74 (Tex.Civ.App.-Dallas 1978, writ ref'd n.r.e.) (rescission).

10. 295 S.W.3d at 655.

11. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 605, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001); *id.* at 615, 121 S.Ct. 1835 (Scalia, J., concurring) (stating that "prevailing party" has "traditionally" and "invariably" meant "the party that wins the suit or obtains a finding (or an admission) of liability").

12. TEX. CIV. PRAC. & REM.CODE § 38.001 (emphasis added); *see MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009); *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex.2004) (per curiam); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex.1997); *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex.1995).

13. *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695, 701 (5th Cir.2009) (noting the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, authorizes attorney's fees only if state substantive law provides for them); *see also Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 409–12 (5th Cir.2006) (holding Texas Declaratory Judgment Act does not represent "state substantive law").

14. *See County of Dallas v. Wiland*, 216 S.W.3d 344, 358 n. 61 (Tex.2007) (addressing attorney's fees provided by 42 U.S.C. § 1988); *Sw. Bell Mobile Sys., Inc. v. Franco*, 971 S.W.2d 52, 55–56 (Tex.1998) (per curiam) (addressing attorney's fees provided by Texas Labor Code § 21.259, a statute intended to effectuate Title VII of the federal Civil Rights Act, *see id.* § 21.001); *Grounds v. Tolar Indep. Sch. Dist.*, 856 S.W.2d 417, 423 (Tex.1993) (Gonzalez, J., concurring) (addressing attorney's fees provided by 42 U.S.C. § 1988).

that KB Home has a right to contract performance. Reading this contract as a whole, the parties never intended zero damages to mean zero attorney's fees.

## II. "Prevailing Party"

There is a another reason KB Home is entitled to attorney's fees under this contract and this judgment: it was the "prevailing party" as that term is understood in Texas law. The contractual context here shows the parties did not intend "prevailing party" to require damages, but the term itself would require the same conclusion regardless of context.

When looking for common and ordinary meanings of legal terms, we routinely refer to Black's Law Dictionary,[15] which defines "prevailing party" as "[a] party in whose

favor a judgment is rendered, *regardless of the amount of damages awarded.*"[16] By ignoring the second phrase and making the $0 damage award dispositive, the Court departs from the ordinary meaning of "prevailing party."

Earlier editions of Black's from the 1960s until the 1990s included an additional qualifier—that "prevailing party" should focus on the "main issue" in the litigation:

**Prevailing party.** The party to a suit who successfully prosecutes the action or successfully defends against it, *prevailing on the main issue,* even though not necessarily to the extent of his original contention.[17]

This "main issue" qualification has been adopted by 11 of the 14 courts of appeals in Texas.[18]

---

15. *See, e.g., Ingram v. Deere,* 288 S.W.3d 886, 899 (Tex.2009); *Entergy Gulf States, Inc. v. Summers,* 282 S.W.3d 433, 437–38, 441 (Tex. 2009); *Guitar Holding Co. v. Hudspeth County Underground Water Conservation Dist. No. 1,* 263 S.W.3d 910, 916 n. 6 (Tex.2008); *Hyundai Motor Co. v. Vasquez,* 189 S.W.3d 743, 751 n. 33 (Tex.2006); *Am. Mfrs. Mut. Ins. Co. v. Schaefer,* 124 S.W.3d 154, 158–59 (Tex. 2003).

16. BLACK'S LAW DICTIONARY 1154 (8th ed. 2004) (emphasis added).

17. BLACK'S LAW DICTIONARY 1188 (6th ed. 1990) (emphasis added); *see also* BLACK'S LAW DICTIONARY 1069 (5th ed. 1979); BLACK'S LAW DICTIONARY 1352 (4th ed. 1968).

18. 1st: *Indian Beach Prop. Owners' Ass'n v. Linden,* 222 S.W.3d 682, 696–97 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Weng Enters., Inc. v. Embassy World Travel, Inc.,* 837 S.W.2d 217, 222–23 (Tex.App.-Houston [1st Dist.] 1992, no writ).
2nd: *Taylor Elec. Servs., Inc. v. Armstrong Elec. Supply Co.,* 167 S.W.3d 522, 532–33 (Tex.App.-Fort Worth 2005, no pet.); *Head v. U.S. Inspect DFW, Inc.,* 159 S.W.3d 731, 749 (Tex.App.-Fort Worth 2005, no pet.).
3rd: *Lay v. Whelan,* No. 03–03–00115–CV, 2004 WL 1469246, at *6 (Tex.App.-Austin July 1, 2004, pet. denied); *Cysco Enters., Inc. v.*

*Hardeman Family Joint Venture, Ltd.,* No. 03–02–00230–CV, 2002 WL 31833724, at *6 (Tex. App.-Austin Dec. 19, 2002, no pet.).
4th: *City of Laredo v. Almazan,* 115 S.W.3d 74, 78 (Tex.App.-San Antonio 2003, no pet.).
5th: *Blockbuster, Inc. v. C–Span Enter., Inc.,* 276 S.W.3d 482, 491 (Tex.App.-Dallas 2008, pet. granted); *In re M.A.N.M.,* 231 S.W.3d 562, 566 (Tex.App.-Dallas 2007, no pet.); *Probus Props. v. Kirby,* 200 S.W.3d 258, 265 (Tex.App.-Dallas 2006, pet. denied).
6th: *Moore v. Jet Stream Invs., Ltd.,* 261 S.W.3d 412, 431 n. 15 (Tex.App.-Texarkana 2008, pet. denied); *In re Estate of Bean,* 206 S.W.3d 749, 764 (Tex.App.-Texarkana 2006, pet. denied).
7th: *Brent v. Field,* 275 S.W.3d 611, 622 (Tex.App.-Amarillo 2008, no pet.); *Dean Foods Co. v. Anderson,* 178 S.W.3d 449, 454 (Tex.App.-Amarillo 2005, pet. denied).
8th: *Guitar Holding Co. v. Hudspeth County Underground Water Conservation Dist. No. 1,* 209 S.W.3d 146, 168 (Tex.App.-El Paso 2006), *rev'd on other grounds,* 263 S.W.3d 910 (Tex. 2008).
12th: *Robbins v. Capozzi,* 100 S.W.3d 18, 27 (Tex.App.-Tyler 2002, no pet.).
13th: *Pegasus Energy Group, Inc. v. Cheyenne Petroleum Co.,* 3 S.W.3d 112, 128 (Tex.App.-Corpus Christi 1999, pet. denied); *Norrell v. Aransas County Navig. Dist. No. 1,* 1 S.W.3d 296, 303 (Tex.App.-Corpus Christi 1999, pet. dism'd).

In this litigation, there is no doubt the main issue was the defendant Intercontinental's counterclaim. The parties' contract reserved every lot in the Santa Clara subdivision for KB Home, and Intercontinental conceded it sold some of those lots to third parties. Thus, the main issue was not whether Intercontinental had breached the contract; it clearly had. Instead, the main issue was whether that breach was excused by KB Home's refusal to buy lots at high prices elsewhere in return for buying at low prices in Santa Clara. The jury rejected that counterclaim, so KB Home was the prevailing party on the main issue in this litigation.[19]

The Court rejects main-issue analysis (although adopted by virtually every other Texas court) because Intercontinental's counterclaim was not "an action to enforce the terms of *this* Contract."[20] But to recover on this contract, KB Home had to prove it had not been orally amended by another. As we held in *Varner v. Cardenas*, attorney's fees for enforcing a contract include those incurred overcoming counterclaims raised in defense.[21]

Oddly, the Court's opinion today means Intercontinental was the prevailing party, even though it was the only party that breached. The Court avoids awarding Intercontinental attorney's fees on the

ground that it failed to preserve error. But future contract breakers may not make the same mistake. It is hard to see the justice in reading this common contract provision to provide attorney's fees for the party that committed the breach.

The Court's rule also ignores the reality that everybody incurs costs when a contract fails. Breach of contract damages include lost profits (expectancy), out-of-pocket expenses (reliance), and restitution;[22] most litigants pursue only lost profits as that is normally the largest measure. But today's ruling requires parties to sue for all of them, no matter how small, to make sure they will "prevail" by receiving some kind of money judgment.

The Court's no-damages/no-fees rule is certainly easy to apply, but making life easy for judges is not a rule of contract construction.[23] Whether a party prevailed in litigation is a mixed question of law and fact. Perhaps in some cases a $1 recovery represents a substantial victory for the plaintiff, but in most cases it represents a total loss; treating every plaintiff who wins $1 as a prevailing party is not what most people intend when they sign a contract like this.

The contract here called for attorney's fees to be "fixed by the court," and the trial judge awarded them to KB Home.

---

14th: *4901 Main, Inc. v. TAS Auto., Inc.*, 187 S.W.3d 627, 634 (Tex.App.-Houston [14th Dist.] 2006, no pet.); *Emery Air Freight Corp. v. Gen. Transp. Sys., Inc.*, 933 S.W.2d 312, 316 (Tex.App.-Houston [14th Dist.] 1996, no pet.).

**19.** *See Cysco Enters.*, 2002 WL 31833724, at *6 (holding defendant was prevailing party on main issue even though jury awarded it no damages on its counterclaim).

**20.** 295 S.W.3d at 652.

**21.** *See* 218 S.W.3d 68, 69 (Tex.2007) (per curiam).

**22.** RESTATEMENT (SECOND) OF CONTRACTS § 344 (1981); *see Quigley v. Bennett*, 227 S.W.3d 51, 56 (Tex.2007) (Brister, J., concurring in part and dissenting in part); Lon L. Fuller & William R. Perdue, *The Reliance Interest in Contract Damages*, 46 YALE L.J. 52, 56 (1936).

**23.** I do not know what the Court means when it says the Supreme Court's opinion in *Buckhannon* "basically held 'no money judgment, no fees.'" 295 S.W.3d at 656 n. 27. The question in *Buckhannon* was not money judgments but collateral consequences—whether legislative action apart from any judgment could make a litigant the prevailing party.

With only a partial trial record, we must presume that was right.

### III. Conclusion

I agree there is little reason to encourage suits by those who have suffered no damages solely so an attorney can recover a large fee. But that is not the way litigation usually works, or what occurred here. Lost profits from a venture that failed are always hard to assess, so litigants often believe they have been damaged until a jury tells them they have not. I would not punish such litigants for failing to prove damages unless that is what their contract requires.

Markets, especially in real estate, can rise or fall substantially in a very short time. Under the Court's interpretation, the "prevailing party" entitled to attorney's fees may depend precisely upon those swings, not upon who was in the wrong. That may be a reasonable way to draft a statute, but that is not what the parties contracted for here. Accordingly, I would affirm the judgment of the trial court and court of appeals.