

# NUMBER
## 13-10-00192-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

RICHARD SUMMERS AND
SHEILA SUMMERS,                                    **Appellants,**

**v.**

HIGHLAND COMPOSITE PROPERTY
OWNERS ASSOCIATION, INC.,                          **Appellee.**

---

### On appeal from the 9th District Court
### of Montgomery County, Texas.

---

# MEMORANDUM OPINION ON REHEARING

**Before Justices Vela, Perkes, and Hill[1]**

**Memorandum Opinion On Rehearing by Justice Hill**

---

[1] Retired Second Court of Appeals Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

Richard and Sheila Summers present a motion for rehearing in which they contend that this Court erred in its opinion by holding that Highland Composite Property Owners Association is the prevailing party while at the same time holding that the evidence was insufficient to establish that Highland was a valid property owners association. Whether a party prevails turns on whether the party prevails upon the court to award it something, either monetary or equitable. *Intercontinental Group Partnership v. KB Home Lone Star, L.P.*, 295 S.W.3d 650, 655 (Tex. 2009). Inasmuch as Highland recovered a money judgment against the Summers to enforce their payment of money indisputably owed by them under their deed restrictions, it was the prevailing party.

The Summers state that Highland is not the prevailing party, repeatedly asserting that this Court has held that, in the absence of being a valid property owners' association, Highland could not collect fees from homeowners and cannot execute on the judgment. This Court has not held that Highland, in the absence of being a valid property owners association, cannot enforce the fees from homeowners or that it could not execute on the judgment. To the contrary, rather than reversing the judgment, we simply modified it to show that Highland had not been shown to be a valid property owners association and that any funds it did collect were to be paid into the registry of the court, to be held for any entity showing that it is the entity entitled to such fees in accordance with the deed restrictions. We deny Summers' motion for rehearing.

JOHN HILL
Justice

Delivered and filed the
1st day of December, 2011.

2