# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00192-CV

**Dallas Morning News, Inc., Appellant**

**v.**

**City of Arlington, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. D-1-GV-08-001584, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Dallas Morning News, Inc. (the "News") appeals a district court's order denying attorney's fees under the Texas Public Information Act (PIA). *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2004 & Supp. 2010). The News argues that it substantially prevailed in its mandamus action against the City of Arlington (the "City") and that the trial court was therefore required to assess reasonable attorney's fees under the PIA. Because we conclude that the News did not substantially prevail as required by the statute, we affirm the trial court's order.

## BACKGROUND

In April 2008, a writer for *The Dallas Morning News* requested that the City release recent emails and documents related to the construction of the new Dallas Cowboys football stadium pursuant to the PIA. *See id.* The City released 447 pages and one CD of information but withheld certain documents, claiming that they were excepted from the PIA by the attorney-client privilege.

It then sought a ruling from the Texas Attorney General as to whether the withheld documents were public information. *See id.* § 552.301 (requiring governmental body wishing to withhold information to request decision from attorney general). The attorney general issued a letter ruling stating that only certain identified emails involving city attorneys and employees could be withheld. *See* Tex. Att'y Gen. ORD-09459 (2008). The City appealed this ruling by timely filing suit against the attorney general in Travis County district court. *See* Tex. Gov't Code Ann. § 552.324 (identifying lawsuit as only available method to challenge attorney general ruling). The News intervened in the lawsuit, seeking a writ of mandamus requiring the City to release the requested documents. It also filed a motion to compel discovery, requesting that the City produce the documents at issue pursuant to an attorneys'-eyes-only protective order. After a hearing, the News's motion was granted, a protective order was issued, and all contested documents were provided to the News's counsel for review. At some point after the trial court's protective order, the City voluntarily released the contested documents to the News.[1]

The News then filed a motion requesting a declaration that it substantially prevailed over the City and that the contested documents were public information, and seeking an award of over $30,000 in attorney's fees. *See id*. § 552.323(a). After a hearing on the motion, the trial court issued an order denying the News's request and dismissing the case in its entirety. The News appeals.

---

[1] While it is unclear from the record whether the City voluntarily released all contested documents or only a "substantial portion of them," as the News contends, this distinction does not meaningfully affect our analysis.

## STANDARD OF REVIEW

This case involves our interpretation of the PIA's attorney's fees provision. We review such matters of statutory construction de novo. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). In construing a statute, our objective is to determine and give effect to the legislature's intent. *Mid-Century Ins. Co. v. Ademaj*, 243 S.W.3d 618, 621 (Tex. 2007). We look first to the statute's plain meaning and construe it as a whole to give effect to every part, *see id.*, unless such a construction would lead to absurd or nonsensical results. *FKM P'ship v. Board of Regents of Univ. of Houston Sys.*, 255 S.W.3d 619, 633 (Tex. 2008); *see also Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999) ("[I]t is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent."). We may consider the objective of the statute, legislative history, and the consequences of a proposed construction. Tex. Gov't Code Ann. § 311.023(1), (3), (5) (West 2005).

## DISCUSSION

The Texas Legislature passed the Texas Public Information Act in 1973. *See* Act of May 17, 1973, 63rd Leg., R.S., ch. 424, §§ 1, 14(d), 1973 Tex. Gen. Laws 1112, 1118; *see also City of Garland*, 22 S.W.3d at 355. Though the legislature has since amended the PIA, its purpose has remained constant—to provide public access "at all times to complete information about the affairs of government and the official acts of public officials and employees." *See* Tex. Gov't Code Ann. § 552.001. The PIA mandates a liberal construction to implement this policy. *Id.*

3

Upon request, a governmental body must promptly produce public information. *See id*. § 552.221. If a governmental body considers the requested information exempt from disclosure and there has been no previous determination on the subject, the PIA requires the governmental body to obtain an opinion from the attorney general. *See id.* § 552.301. Upon a ruling by the attorney general that the information is not exempt from disclosure, the governmental body must make it available to the requesting party or seek a judicial determination that the information does not have to be disclosed. *See id.* § 522.324. If the governmental body refuses to supply information that the attorney general has determined is public, a person requesting information may intervene in the lawsuit, *see id*. § 552.325, or may seek a writ of mandamus compelling a governmental body to make information available for public inspection, *see id*. § 552.321.

Attorney's fees may be awarded to substantially prevailing plaintiffs and defendants pursuant to section 552.323 of the PIA, which states:

> (a) In an action brought under Section 552.321 [suit for writ of mandamus] or 552.3215 [declaratory judgment or injunctive relief], the court shall assess costs of litigation and reasonable attorney fees incurred by a plaintiff who substantially prevails, except that the court may not assess those costs and fees against a governmental body if the court finds that the governmental body acted in reasonable reliance on:
>
> > (1) a judgment or an order of a court applicable to the governmental body;
> >
> > (2) the published opinion of an appellate court; or
> >
> > (3) a written decision of the attorney general, including a decision issued under Subchapter G or an opinion issued under Section 402.042.
>
> (b) In an action brought under Section 552.324 [suit by governmental body], the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In exercising its discretion under

4

this subsection, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

*Id.* § 552.323.

The News appeals the trial court's order denying it attorney's fees. It argues that it substantially prevailed in its mandamus action, and therefore was entitled to reasonable attorney's fees pursuant to section 552.323(a). *See id.* The City argues that the News did not substantially prevail, and that even if it had, section 552.323(b), which allows the trial court discretion in assessing fees, applies because the suit was brought under section 552.324 (suit by governmental body) rather than section 552.321 (suit for writ of mandamus) as the News claims. *Compare id.* § 552.323(a) (stating "the court *shall* assess costs of litigation and reasonable attorney fees [in suit for writ of mandamus]") (emphasis added) *with id.* § 552.323(b) (stating "the court *may* assess costs of litigation and reasonable attorney fees [in suit by governmental body]") (emphasis added).

We need not determine at this time whether the current action, which involves both a suit by a governmental body (section 552.324) and a suit for writ of mandamus (section 552.321), is governed by 552.323(a) or 552.323(b). Even were the News to succeed on this issue, it would remain ineligible for attorney's fees because it has not substantially prevailed.

The News argues that it substantially prevailed because it "obtained release of contested documents" and "substantially prevailed on all substantive matters heard by the trial court." It further argues that even if it had not substantially prevailed prior to the trial court's order dismissing the case, the dismissal "operates as an adjudication on the merits of the City's claims," and the News prevailed in the litigation as a matter of law.

While little case law exists defining "substantially prevail" in the context of the PIA, the Texas Supreme Court recently discussed what it means to be a "prevailing party" in another context, applying federal jurisprudence in its analysis. *See Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *see also Environmental Conservation Org. v. City of Dallas*, 307 Fed. Appx. 781, 784 n.1 (5th Cir. 2008) (treating "'substantially prevail' language in [federal Freedom of Information Act] as the functional equivalent of the 'prevailing party' language found in other statutes" (quoting *Oil, Chem., & Atomic Workers Int'l Union v. Department of Energy*, 288 F.3d 452, 455 (D.C. Cir. 2002))). The supreme court held that to qualify as a prevailing party, there must be judicially sanctioned "relief on the merits" that "materially alters the legal relationship between the parties." *Intercontinental Group P'ship*, 295 S.W.3d at 653-54 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). According to the supreme court, this definition includes parties who obtain a damages award, injunctive or declaratory relief, or a consent decree or settlement in their favor.[2] Constant throughout both the Texas and United States Supreme Courts' analyses is the notion that "the judgment," not preliminary rulings or findings, "is critical to the prevailing-party determination." *Id.* (citing *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., Inc.*, 532 U.S. 598, 603-05 (2001)).

The United States Supreme Court has rejected the theory that a party prevails when a defendant, in response to the plaintiff's claims, voluntarily changes its conduct in a manner mooting the controversy. *Buckhannon*, 532 U.S. at 606 ("We cannot agree that the term 'prevailing

---

[2] To the extent that the Texas Supreme Court recognized prevailing parties in the context of settlements, the analysis does not apply to the situation at hand, because, as the News conceded, "the record is clear there was no settlement."

party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached the 'sought-after destination' without obtaining any judicial relief."). The Court concluded that "a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit," lacked the necessary "judicial *imprimatur*" for the change. *Id.* at 605; *see also Intercontinental Group P'ship*, 295 S.W.3d at 656 n.27 ("[A] plaintiff must receive affirmative judicial relief to be considered a prevailing party."). The same would be true, the Court noted, for private, contractual settlements whose terms were not incorporated into a consent decree. *Buckhannon*, 532 U.S. at 604 n.7.

In the present case, the City's release of the contested documents is akin to the situation discussed in *Buckhannon*, in which a party voluntarily engages in an action that makes the lawsuit moot. *See id.* at 606. The News has presented no evidence to support its assertion that it somehow "forced" the City to release the documents, and we therefore conclude that the document release was a voluntary decision of the City. *Buckhannon* clearly indicates that this type of voluntary action does not make the News a prevailing party. *See id.*

The News also argues that it substantially prevailed because the trial court's order dismissing the case acted as an "adjudication on the merits of the City's claims." It is unclear from the appellate record, however, whether or not the trial court ruled on the merits of the action. In its motion for judgment and attorney's fees, the News requested that the court enter a judgment "declaring the listed documents to be public information, finding that *The Dallas Morning News* has substantially prevailed on its claims[,] and granting [its] application for attorney's fees." After a

7

hearing on the News's motion, the trial court did not enter the requested declaratory judgment, instead issuing an order denying the News's attorney's fees and ordering the case dismissed.[3] Because the hearing's transcript is not included in the appellate record, we do not know which topics were argued before the court and cannot determine whether the trial court's order constituted an adjudication on the merits. However, if the trial court did in fact rule on the merits of the action, it surely did not decide the issue in the News's favor. The trial court declined to grant the News's request for a declaration that the documents were public information and that the News had substantially prevailed over the City. Therefore, to the extent that the trial court's order represents a final adjudication of the merits of the case, the News was not the prevailing party, as all its requested relief was either expressly or impliedly denied. For this reason, the trial court's order does not support the News's contention that it is a substantially prevailing party.

In light of the foregoing, we hold that the News did not substantially prevail and is therefore ineligible for attorney's fees under section 552.323 of the PIA. *See* Tex. Gov't Code Ann. § 522.323.

## CONCLUSION

Because the News is ineligible for attorney's fees under section 522.323 of the Texas Public Information Act, we affirm the trial court's order.

---

[3] It appears that the trial court dismissed the action sua sponte, without any request for dismissal from the parties.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed:   January 21, 2011