TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-10-00192-CV






Dallas Morning News, Inc., Appellant


v.


City of Arlington, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GV-08-001584, HONORABLE JON N. WISSER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N

 

 Appellant Dallas Morning News, Inc. (the "News") appeals a district court's order
denying attorney's fees under the Texas Public Information Act (PIA). See Tex. Gov't Code Ann.
§§ 552.001-.353 (West 2004 & Supp. 2010). The News argues that it substantially prevailed in its
mandamus action against the City of Arlington (the "City") and that the trial court was therefore
required to assess reasonable attorney's fees under the PIA. Because we conclude that the News did
not substantially prevail as required by the statute, we affirm the trial court's order.


BACKGROUND

 In April 2008, a writer for The Dallas Morning News requested that the City release
recent emails and documents related to the construction of the new Dallas Cowboys football stadium
pursuant to the PIA. See id. The City released 447 pages and one CD of information but withheld
certain documents, claiming that they were excepted from the PIA by the attorney-client privilege. 
It then sought a ruling from the Texas Attorney General as to whether the withheld documents were
public information. See id. § 552.301 (requiring governmental body wishing to withhold
information to request decision from attorney general). The attorney general issued a letter ruling
stating that only certain identified emails involving city attorneys and employees could be withheld. 
See Tex. Att'y Gen. ORD-09459 (2008). The City appealed this ruling by timely filing suit against
the attorney general in Travis County district court. See Tex. Gov't Code Ann. § 552.324
(identifying lawsuit as only available method to challenge attorney general ruling). The News
intervened in the lawsuit, seeking a writ of mandamus requiring the City to release the requested
documents. It also filed a motion to compel discovery, requesting that the City produce the
documents at issue pursuant to an attorneys'-eyes-only protective order. After a hearing, the News's
motion was granted, a protective order was issued, and all contested documents were provided to the
News's counsel for review. At some point after the trial court's protective order, the City voluntarily
released the contested documents to the News. (1) 

 The News then filed a motion requesting a declaration that it substantially prevailed
over the City and that the contested documents were public information, and seeking an award of
over $30,000 in attorney's fees. See id. § 552.323(a). After a hearing on the motion, the trial court
issued an order denying the News's request and dismissing the case in its entirety. The News
appeals.

 



STANDARD OF REVIEW

 This case involves our interpretation of the PIA's attorney's fees provision. We
review such matters of statutory construction de novo. See City of Garland v. Dallas Morning News,
22 S.W.3d 351, 357 (Tex. 2000). In construing a statute, our objective is to determine and give
effect to the legislature's intent. Mid-Century Ins. Co. v. Ademaj, 243 S.W.3d 618, 621 (Tex. 2007). 
We look first to the statute's plain meaning and construe it as a whole to give effect to every part,
see id., unless such a construction would lead to absurd or nonsensical results. FKM P'ship v.
Board of Regents of Univ. of Houston Sys., 255 S.W.3d 619, 633 (Tex. 2008); see also Fitzgerald
v. Advanced Spine Fixation Sys., Inc., 996 S.W.2d 864, 866 (Tex. 1999) ("[I]t is a fair assumption
that the Legislature tries to say what it means, and therefore the words it chooses should be the surest
guide to legislative intent."). We may consider the objective of the statute, legislative history,
and the consequences of a proposed construction. Tex. Gov't Code Ann. § 311.023(1), (3), (5)
(West 2005).


DISCUSSION

 The Texas Legislature passed the Texas Public Information Act in 1973. See Act of
May 17, 1973, 63rd Leg., R.S., ch. 424, §§ 1, 14(d), 1973 Tex. Gen. Laws 1112, 1118; see also City
of Garland, 22 S.W.3d at 355. Though the legislature has since amended the PIA, its purpose has
remained constant--to provide public access "at all times to complete information about the affairs
of government and the official acts of public officials and employees." See Tex. Gov't Code Ann.
§ 552.001. The PIA mandates a liberal construction to implement this policy. Id. 

 Upon request, a governmental body must promptly produce public information. See
id. § 552.221. If a governmental body considers the requested information exempt from disclosure
and there has been no previous determination on the subject, the PIA requires the governmental body
to obtain an opinion from the attorney general. See id. § 552.301. Upon a ruling by the attorney
general that the information is not exempt from disclosure, the governmental body must make it
available to the requesting party or seek a judicial determination that the information does not have
to be disclosed. See id. § 522.324. If the governmental body refuses to supply information that the
attorney general has determined is public, a person requesting information may intervene in the
lawsuit, see id. § 552.325, or may seek a writ of mandamus compelling a governmental body to make
information available for public inspection, see id. § 552.321. 

 Attorney's fees may be awarded to substantially prevailing plaintiffs and defendants
pursuant to section 552.323 of the PIA, which states:


(a) In an action brought under Section 552.321 [suit for writ of mandamus] or
552.3215 [declaratory judgment or injunctive relief], the court shall assess costs of
litigation and reasonable attorney fees incurred by a plaintiff who substantially
prevails, except that the court may not assess those costs and fees against a
governmental body if the court finds that the governmental body acted in reasonable
reliance on:

 

 (1) a judgment or an order of a court applicable to the governmental body;

 

 (2) the published opinion of an appellate court; or

 

 (3) a written decision of the attorney general, including a decision issued
under Subchapter G or an opinion issued under Section 402.042.


(b) In an action brought under Section 552.324 [suit by governmental body], the
court may assess costs of litigation and reasonable attorney's fees incurred by a
plaintiff or defendant who substantially prevails. In exercising its discretion under
this subsection, the court shall consider whether the conduct of the governmental
body had a reasonable basis in law and whether the litigation was brought in good
faith.


Id. § 552.323. 

 The News appeals the trial court's order denying it attorney's fees. It argues that it
substantially prevailed in its mandamus action, and therefore was entitled to reasonable attorney's
fees pursuant to section 552.323(a). See id. The City argues that the News did not substantially
prevail, and that even if it had, section 552.323(b), which allows the trial court discretion in
assessing fees, applies because the suit was brought under section 552.324 (suit by governmental
body) rather than section 552.321 (suit for writ of mandamus) as the News claims. Compare id.
§ 552.323(a) (stating "the court shall assess costs of litigation and reasonable attorney fees [in suit
for writ of mandamus]") (emphasis added) with id. § 552.323(b) (stating "the court may assess costs
of litigation and reasonable attorney fees [in suit by governmental body]") (emphasis added).

 We need not determine at this time whether the current action, which involves both
a suit by a governmental body (section 552.324) and a suit for writ of mandamus (section 552.321),
is governed by 552.323(a) or 552.323(b). Even were the News to succeed on this issue, it would
remain ineligible for attorney's fees because it has not substantially prevailed.

 The News argues that it substantially prevailed because it "obtained release of
contested documents" and "substantially prevailed on all substantive matters heard by the trial
court." It further argues that even if it had not substantially prevailed prior to the trial court's order
dismissing the case, the dismissal "operates as an adjudication on the merits of the City's claims,"
and the News prevailed in the litigation as a matter of law.

 While little case law exists defining "substantially prevail" in the context of the PIA,
the Texas Supreme Court recently discussed what it means to be a "prevailing party" in another
context, applying federal jurisprudence in its analysis. See Intercontinental Group P'ship v. KB
Home Lone Star L.P., 295 S.W.3d 650, 653 (Tex. 2009); see also Environmental Conservation Org.
v. City of Dallas, 307 Fed. Appx. 781, 784 n.1 (5th Cir. 2008) (treating "'substantially prevail'
language in [federal Freedom of Information Act] as the functional equivalent of the 'prevailing
party' language found in other statutes" (quoting Oil, Chem., & Atomic Workers Int'l Union v.
Department of Energy, 288 F.3d 452, 455 (D.C. Cir. 2002))). The supreme court held that to qualify
as a prevailing party, there must be judicially sanctioned "relief on the merits" that "materially alters
the legal relationship between the parties." Intercontinental Group P'ship, 295 S.W.3d at 653-54
(quoting Farrar v. Hobby, 506 U.S. 103, 111-12 (1992)). According to the supreme court, this
definition includes parties who obtain a damages award, injunctive or declaratory relief, or a consent
decree or settlement in their favor. (2) Constant throughout both the Texas and United States Supreme
Courts' analyses is the notion that "the judgment," not preliminary rulings or findings, "is critical
to the prevailing-party determination." Id. (citing Buckhannon Bd. & Care Home, Inc. v. West
Virginia Dep't of Health & Human Res., Inc., 532 U.S. 598, 603-05 (2001)). 

 The United States Supreme Court has rejected the theory that a party prevails when
a defendant, in response to the plaintiff's claims, voluntarily changes its conduct in a manner
mooting the controversy. Buckhannon, 532 U.S. at 606 ("We cannot agree that the term 'prevailing
party' authorizes federal courts to award attorney's fees to a plaintiff who, by simply filing a
nonfrivolous but nonetheless potentially meritless lawsuit (it will never be determined), has reached
the 'sought-after destination' without obtaining any judicial relief."). The Court concluded that "a
defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought
to achieve by the lawsuit," lacked the necessary "judicial imprimatur" for the change. Id. at 605; see
also Intercontinental Group P'ship, 295 S.W.3d at 656 n.27 ("[A] plaintiff must receive affirmative
judicial relief to be considered a prevailing party."). The same would be true, the Court noted, for
private, contractual settlements whose terms were not incorporated into a consent decree. 
Buckhannon, 532 U.S. at 604 n.7.

 In the present case, the City's release of the contested documents is akin to the
situation discussed in Buckhannon, in which a party voluntarily engages in an action that makes the
lawsuit moot. See id. at 606. The News has presented no evidence to support its assertion that it
somehow "forced" the City to release the documents, and we therefore conclude that the document
release was a voluntary decision of the City. Buckhannon clearly indicates that this type of voluntary
action does not make the News a prevailing party. See id. 

 The News also argues that it substantially prevailed because the trial court's order
dismissing the case acted as an "adjudication on the merits of the City's claims." It is unclear from
the appellate record, however, whether or not the trial court ruled on the merits of the action. In its
motion for judgment and attorney's fees, the News requested that the court enter a judgment
"declaring the listed documents to be public information, finding that The Dallas Morning News has
substantially prevailed on its claims[,] and granting [its] application for attorney's fees." After a
hearing on the News's motion, the trial court did not enter the requested declaratory judgment,
instead issuing an order denying the News's attorney's fees and ordering the case dismissed. (3) 
Because the hearing's transcript is not included in the appellate record, we do not know which topics
were argued before the court and cannot determine whether the trial court's order constituted an
adjudication on the merits. However, if the trial court did in fact rule on the merits of the action, it
surely did not decide the issue in the News's favor. The trial court declined to grant the News's
request for a declaration that the documents were public information and that the News had
substantially prevailed over the City. Therefore, to the extent that the trial court's order represents
a final adjudication of the merits of the case, the News was not the prevailing party, as all its
requested relief was either expressly or impliedly denied. For this reason, the trial court's order does
not support the News's contention that it is a substantially prevailing party.

 In light of the foregoing, we hold that the News did not substantially prevail and is
therefore ineligible for attorney's fees under section 552.323 of the PIA. See Tex. Gov't Code Ann.
§ 522.323.


CONCLUSION

 Because the News is ineligible for attorney's fees under section 522.323 of the Texas
Public Information Act, we affirm the trial court's order.

 



 __________________________________________ Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin

Affirmed

Filed: January 21, 2011
1. While it is unclear from the record whether the City voluntarily released all contested
documents or only a "substantial portion of them," as the News contends, this distinction does not
meaningfully affect our analysis.
2. To the extent that the Texas Supreme Court recognized prevailing parties in the context
of settlements, the analysis does not apply to the situation at hand, because, as the News conceded,
"the record is clear there was no settlement." 
3. It appears that the trial court dismissed the action sua sponte, without any request for
dismissal from the parties.