

# NUMBER 13-10-00192-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RICHARD SUMMERS AND
SHEILA SUMMERS,                                                    **Appellants,**

**v.**

HIGHLAND COMPOSITE PROPERTY
OWNERS ASSOCIATION, INC.,                                          **Appellee.**

## On appeal from the 9th District Court
## of Montgomery County, Texas.

# OPINION

### Before Justices Vela, Perkes, and Hill[1]
### Opinion by Justice Hill

---

[1] Retired Second Court of Appeals Justice John Hill assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to the government code. *See* TEX. GOV'T CODE ANN. § 74.003 (Vernon 2005).

Richard Summers and Sheila Summers appeal from a judgment, following a trial to the court, in favor of Highland Composite Property Owners Association, Inc., for a sum representing unpaid maintenance fees, plus attorney's fees and costs. In five issues, appellants question the right of Highland to sue to recover these fees. In a sixth conditional issue, appellants urge that if Highland does not prevail in this appeal, it should not be entitled to recover its attorney's fees. In issues seven and eight, the appellants urge that the trial court erred in holding that appellants' lien could be executed against their property to the full extent of the judgment, including attorney's fees, and that the judgment fails to comply with the mandates of Rule 301 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 301. We modify the judgment, and affirm the judgment as modified.

Appellants contend in issues one through five that: (1) the trial court misapplied the Texas Property Code to the evidence by holding that Highland is a valid property owners association; (2) the trial court erred by holding that, as a valid property owners association, Highland has the capacity and right to enforce restrictions pursuant to Texas Property Code section 202.004(b); (3) the trial court erred in holding that Highland is a valid property owners association and that it has the right to enforce restrictions pursuant to Texas Property Code section 202.004(b); (4) the trial court erred in impliedly holding that the right and authority to enforce covenants under section 202.004(b) is the equivalent of the right and authority to execute the order of the court without distinguishing the rights and authority of a valid property owners association versus a mere designated representative of a property owner; and (5) the trial court

2

erred in finding that Highland had the capacity to file suit against them.  *See* TEX. PROP. CODE ANN. § 202.004(b) (West 2007).

The basis of the appellants' contention that Highland lacks authority to collect the unpaid fees from them is that Highland is not a valid property owners association and therefore does not have the capacity and right to enforce restrictions pursuant to Texas Property Code section 202.004(b).  *See id.*  However, section 202.004(b) provides that a property owners association or *other representative designated by an owner of real property* may initiate, defend, or intervene in litigation or an administrative proceeding affecting the enforcement of a restrictive covenant.  *See id.*; *Musgrave v. Brookhaven Property Owners Assn.,* 990 S.W.2d 386, 394 (Tex. App.—Texarkana 1999, pet. denied).  The appellants have stipulated that four of their lots are located in the Greentree subdivision, while two of their lots are located in the Wildwood Acres subdivision.  The record reflects that several property owners, including one or more from each of those subdivisions, made an affidavit designating Highland as their representative to enforce a warranty deed with vendor's lien that all of the properties in four listed subdivisions, including Greentree and Wildwood Acres, are subject to. Consequently, as a designated representative under Texas Property Code section 202.004(b), Highland has the capacity to bring this suit to enforce the deed restrictions. *See* TEX. PROP. CODE ANN. § 202.004(b); *Musgrave*, 990 S.W.2d at 394.  Appellants urge that the designations of Highland to enforce deed restrictions refer to a deed whose restrictions their property is not subject to.  However, in considering each designation as a whole, we find that each reflects the intention of the homeowner to

3

designate Highland as a representative to enforce deed restrictions within his or her respective subdivision.

Appellants also insist that the designation is no longer valid because there is no evidence that the designors still owned property at the time of the filing of this suit fifteen years following the designation; that any of the designors had not withdrawn their designations; that the designors intended to make a designation in view of the fact that Highland is not a valid property owners association; or that the designors were aware that the fees being collected were twice the amount authorized by the covenants of the subdivision. The appellants present no authority for their suggestion that Highland, having shown compliance with Texas Property Code section 202.004(b), was required to present such evidence.

Appellants contend that even if Highland is a designated representative with the capacity to enforce the requirement that they pay the fees required by the deed restrictions, it does not have any authorization to collect those fees for itself, inasmuch as it is not a valid property owners association. It is agreed that the restrictions in question establish that a fund for road maintenance and the removal of litter is to be held by a Garden Club or some other facility organized by the purchaser or grantee. The appellants acknowledge that a property owners association would be the equivalent of a Garden Club such as that referred to in the restrictions. Therefore, in order to hold the fees collected, Highland was required to show that it is a valid property owners association.

In its judgment, the trial court found that Highland is a valid property owners association. The appellants contend that there is no evidence to establish that Highland

4

is a valid property owners association for the subdivisions in which they own property. In reviewing a "no evidence" point, we must view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Bradford v. Vento*, 48 S.W.3d 749, 754 (Tex. 2001)

As previously noted, the deed restrictions in question do not establish Highland as the property owners association for residents of the subdivision, only noting that fees collected are to be handled by a garden club or some such facility organized by the purchaser or grantee. Section 204.006 of the Property Code deals with the creation of property owners associations. *See* TEX. PROP. CODE ANN. § 204.006 (West 2007). It is inapplicable with respect to the restrictions in this cause because it applies only to those restrictions which require additions or modifications by a vote of more than 60% of the homeowners. *See id.* The restrictions at issue in this cause only require a majority vote of the homeowners in order to make additions to or modifications of the restrictions. However, even though section 204.006 of the Property Code is inapplicable, it may still be inferred from its language that the Legislature contemplates that a property owners association may be formed either by designation in the deed restrictions or by approval of the percentage of homeowners designated in the original restrictions, or by the percentage designated in the statute, in those instances where the statute is applicable. *See id.*

The restrictions in this cause may only be modified by a majority vote of the property owners. While the appellants acknowledge that a property owners association would likely be considered as interchangeable with a garden club, there is nothing in the record to indicate that a majority vote of the property owners in the subdivisions in

5

question has ever been taken authorizing Highland as a property owners association with respect to those subdivisions.

Highland, in urging that it is a valid property owners association, relies on the definitions of "property owners associations" contained in sections 204.004(a) and 209.002(7) of the Property Code.  *See* TEX. PROP. CODE ANN. § 204.004(a) (West 2007); *id.* § 209.002(7) (West 2007).  Part of the definition in section 209.002(7) is that the association manages or regulates the residential subdivision for the benefit of the owners of property in the residential subdivision.  *See id.* §209.002(7)(C).  Other than initiating this lawsuit to collect the fees to which we have referred, and the bare assertion in its brief and oral argument, there is nothing in the record to reflect that Highland manages or regulates any of the residential subdivisions for the benefit of the owners of property in those subdivisions.

Highland refers us to its articles of incorporation, which state that it was formed for the following purposes:  (1) to maintain beauty and harmony in Highlands Estate, Wildwood Acres, Greentree, and Oakland Estates Subdivisions by providing amenities for the subdivision and requiring conformity with restrictive covenants as set forth in the deed records of Montgomery County, Texas; (2) to take such action as deemed beneficial for the general health and welfare of the subdivision; (3) to exercise, promote, and protect the privileges and interest of the residents of Highland Estate, Wildwood Acres, Greentree, and Oakhurst Estates Subdivisions; (4) to foster a healthy interest in the civic affairs of the community and to develop good citizenship; and (5) to inquire into civic abuse and to seek reformation thereof.  The fact that Highland was formed for these purposes does not necessarily mean that it in fact manages or regulates any of

6

these residential subdivisions for the benefit of the owners of property in these subdivisions.

Highland also relies on the document by which certain homeowners within the subdivisions at issue designated it as their representative to initiate, defend, or intervene in litigation or an administrative proceeding with respect to the enforcement of deed restrictions. We hold that even if Highland were designated by certain homeowners within the subdivisions at issue to enforce deed restrictions, and, if we further assume, but not hold, that this designation is the designation referred to in sections 204.004 and 209.002 of the Texas Property Code, it is insufficient to establish that Highland is a duly constituted property owners association absent a showing that Highland manages or regulates these residential subdivisions for the benefit of the owners of property in these subdivisions. Additionally, as noted above, we also hold that, in order to be a valid property owners association for the subdivisions in question, the deed restrictions must be amended by a majority of the homeowners in each subdivision.

In the absence of a showing that it is a valid property owners association, Highland is not entitled to hold the fees that it has collected. The judgment should have required that any maintenance fees collected be held in the registry of the court for the benefit of the entity entitled to hold such funds under the applicable restrictions. *See* TEX. LOCAL GOVT. CODE ANN. §117.052 (c)(3) (West 2008); *see also In re Tasty Moments, LLC*, 2011 Tex. App. LEXIS 2377, at *11 (Tex. App.—Corpus Christi Mar. 31, 2011, orig. proceeding) (mem. op.) ("We note that depositing funds into the registry of the court is a standard practice when the ownership of funds is in dispute."). We

7

therefore modify the judgment by adding a provision, on the second page of the judgment, following "(8) all costs of court," which orders that any of the principal sum of Four Thousand Eight Hundred Forty-four and no/100 dollars collected, plus any pre-judgment or post-judgment interest collected thereon, be paid into the registry of the court for the benefit of the entity shown by the deed restrictions in question to be entitled to hold such funds. We further modify the judgment by deleting from the last paragraph, on the first page, the phrase, "is a valid Property Owners Association and it," so that it reads "IT IS FURTHER ORDERED that the Plaintiff, HIGHLAND COMPOSITE PROPERTY OWNERS ASSOCIATION, INC., has the capacity and right to enforce the Restrictions for the following subdivisions: Greentree, Wildwood Acres, Highland Estates, and Oakhurst Estates, pursuant to Section 202.004 of the Texas Property Code". We sustain issues one through three in part, and overrule those issues in part. We sustain issue four and overrule issue five.

In issues seven and eight, the appellants urge that: (7) the trial court erred in impliedly holding that the appellees' lien could be executed against their property to the full extent of the judgment, including attorney's fees, and (8) the judgment fails to comply with the mandate of Rule 301 of the Texas Rules of Civil Procedure. Appellants present no argument or authority with respect to either of these issues. We overrule issues seven and eight. SEE Tex. Rules App. Proc. 38.1 (h)

We sustain issues one through three in part, and overrule those issues in part. We sustain issue four, and overrule issues five, seven, and eight. Inasmuch as Highland has prevailed in this appeal with respect to its right to bring suit for and collect the fees admittedly owed by the appellants, we overrule issue six.

8

We modify the judgment as noted, and affirm the judgment as modified.

### III. CONCLUSION

The judgment of the trial court is affirmed as modified.

JOHN HILL
Justice

Delivered and filed the
29th day of August, 201.