Patricia WILZ, Guardian of Jon Patrick Flournoy, an Incapacitated Person, Petitioner,

v.

Kenneth W. and June FLOURNOY, Respondents.

No. 06–0913.

Supreme Court of Texas.

June 29, 2007.

Percy L. Isgitt, C. Zan Turcotte, Isgitt & Associates, P.C., Houston, Edward T. McFarland, Lufkin, for petitioner.

John Porter Mabry, Vance Dunnam, Dunnam & Dunnam, Waco, for respondents.

PER CURIAM.

On behalf of her son, Jon Flournoy, Patricia Wilz sought to impose a constructive trust on property purchased by her ex-husband and his new wife. The trial court imposed a constructive trust on the entire property, but a divided court of appeals limited the trust to a 35 percent undivided interest. Given the evidence presented at trial and the jury's findings, the court of appeals erred in limiting the constructive trust, and we reverse.

Patricia Wilz and Kenneth Flournoy divorced in 1973, and Kenneth was awarded custody of their son, Jon. In 1987, Jon suffered incapacitating injuries in an automobile accident. Kenneth, individually and on Jon's behalf, sued Ford Motor

676

Company. In a 1991 settlement, Kenneth received $379,300 on Jon's behalf and $95,000 personally. As guardian of Jon's person and estate, Kenneth purchased stocks and bonds for Jon's benefit. Subsequently, Kenneth and his new wife, June, purchased a 110–acre farm for $153,049, paying $49,365.50 in cash and executing a note for the balance. The note called for monthly payments of $961. Between 1991 and 1999, the Flournoys withdrew several thousand dollars from Jon's account, many installments of which were roughly $960. By the end of 2001, the Flournoys had depleted Jon's account, and they institutionalized him in a state mental health facility.

In 2005, Jon's biological mother, Patricia Wilz, became his guardian, and she sued the Flournoys on Jon's behalf for conversion, breach of fiduciary duty, and constructive fraud.

Patricia traced several checks drawn on Jon's account to the Flournoys' personal account. When questioned about these checks, the handling of Jon's funds, and the source of the funds used to purchase the farm, the Flournoys each invoked the Fifth Amendment privilege against self-incrimination. The Flournoys' sole evidence regarding the funds consisted of Kenneth's pretrial deposition, where he said he used his settlement money for the farm's down payment and that $50,000 remained outstanding on the note. When questioned about the truth of this testimony, Kenneth again invoked the Fifth Amendment.

The jury found that Kenneth breached his fiduciary duty and committed constructive fraud and that the Flournoys converted Jon's property with malice. The trial court therefore imposed a constructive trust on the entire farm.

The court of appeals agreed that Wilz had met her burden to impose a constructive trust on the entire farm, and the burden shifted to the Flournoys to show which funds came from their own accounts. 201 S.W.3d 833, 836–37. Nonetheless, it held that the trial court abused its discretion because Kenneth's deposition testimony proved he paid the down payment from personal settlement funds and that $50,000 was outstanding on the note. The court of appeals estimated Jon's interest in the farm as the initial purchase price minus the down payment minus the amount outstanding. Thus the court of appeals concluded that Jon was entitled to a constructive trust on an undivided 35 percent of the farm.

A party seeking to impose a constructive trust has the initial burden of tracing funds to the specific property sought to be recovered. *Meyers v. Baylor Univ.*, 6 S.W.2d 393, 394–95 (Tex.Civ.App.-Dallas 1928, writ ref'd); *see Eaton v. Husted*, 141 Tex. 349, 172 S.W.2d 493, 498 (1943) ("[T]he beneficiary may follow the trust property, and claim every part of the blended property *which the trustee cannot identify as his own.*") (emphasis in original). Once that burden is met, "the entire . . . property will be treated as subject to the trust, *except in so far as the trustee may be able to distinguish and separate that which is his own.*" *Eaton*, 172 S.W.2d at 498–99 (emphasis in original). The trial court and court of appeals agreed that Patricia traced Jon's funds to the farm; thus, the burden shifted to the Flournoys to demonstrate what portion of the farm's purchase price came from their own funds. *See* 201 S.W.3d at 839.

The Flournoys bet the farm (as it were) when they failed to obtain a jury finding on their affirmative claim that part of the purchase money came from personal funds. Therefore, this claim is waived on appeal unless they "conclusively established" it. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222–23

(Tex.1992) (citing TEX.R. CIV. P. 279). The Flournoys' only evidence on this point was Kenneth's deposition testimony. Kenneth, however, was an "interested witness," so his testimony, even if uncontradicted, "presents an issue to be determined by the trier of fact." *Gevinson v. Manhattan Constr. Co.,* 449 S.W.2d 458, 467 (Tex. 1969). The factfinder may treat an interested witness's testimony as conclusive if it is "clear, direct, and positive and there are no circumstances tending to discredit or impeach the same." *Id.* But here, Wilz attempted to contradict Kenneth's testimony, and the jury in this civil case was free to draw negative inferences from the Flournoys' repeated invocations of the Fifth Amendment. *See* TEX.R. EVID. 513(c); *Tex. Dep't of Pub. Safety Officers Ass'n v. Denton,* 897 S.W.2d 757, 760 (Tex. 1995) (citing *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)). The Flournoys failed to secure a jury finding on their claim, and the jury was free to disregard Kenneth's deposition testimony as not credible. Therefore, the trial court did not abuse its discretion in imposing a constructive trust on the entire farm.

Accordingly, we grant Patricia Wilz's petition for review, and without hearing oral argument, TEX.R.APP. P. 59.1, reverse the court of appeals' judgment and render judgment that the entire farm is subject to a constructive trust, *see* TEX.R.APP. P. 60.2(c).