**Opinion filed December 19, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00191-CV
_____

## IN THE INTEREST OF J.A.L., A CHILD

**On Appeal from the County Court at Law**

**Midland County, Texas**

**Trial Court Cause No. FM 54,225**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of J.A.L.'s mother and father. The father appeals. We affirm.

### I. *Issues*

Appellant presents three issues for review. In his first issue, Appellant contends that his conduct prior to J.A.L.'s birth should not have been considered at trial. In his second issue, Appellant challenges the sufficiency of the evidence to support the trial court's finding that he engaged in conduct or knowingly placed J.A.L. with persons who engaged in conduct that endangered the physical or

emotional well-being of the child.  In the third issue, Appellant challenges the legal and factual sufficiency of the evidence to support the trial court's finding that he constructively abandoned J.A.L.

## II. *Termination: Standard of Review and Findings*

The termination of parental rights must be supported by clear and convincing evidence.  TEX. FAM. CODE ANN. § 161.001 (West Supp. 2013).  To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true.  *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005).  To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent.  *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002).  To terminate parental rights, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(1)(A)–(T) and that termination is in the best interest of the child.  FAM. § 161.001.

In this case, the trial court found that Appellant had committed two of the acts listed in Section 161.001(1): endangering conduct pursuant to Section 161.001(1)(E) and constructive abandonment pursuant to Section 161.001(1)(N).  With respect to subsection (N), the trial court determined that Appellant had constructively abandoned J.A.L. because J.A.L. had been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services or an authorized agency for not less than six months and (1) the Department or authorized agency had made reasonable efforts to return J.A.L. to Appellant, (2) Appellant had not regularly visited or maintained significant contact

2

with J.A.L., and (3) Appellant had demonstrated an inability to provide J.A.L. with a safe environment. *See id.* § 161.001(1)(N). The trial court also found that termination of Appellant's parental rights would be in the best interest of J.A.L. *See id.* § 161.001(2). Appellant does not challenge the best interest finding.

## III. *Pre-Birth Conduct*

In his first issue, Appellant asserts that Section 161.001(1)(E) should not be interpreted to include pre-birth conduct. We disagree. The Texas Supreme Court has determined that conduct committed by a parent prior to a child's birth may be considered by courts making a determination under Section 161.001(1)(E). *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009) (endangering conduct "may include the parent's actions before the child's birth," including evidence of drug usage). As an intermediate appellate court, we decline Appellant's invitation to interpret the statute in a manner inconsistent with supreme court precedent. Appellant's first issue is overruled.

## IV. *Evidence Supporting Findings*

In his second and third issues, Appellant challenges the sufficiency of the evidence regarding the trial court's findings of endangering conduct and constructive abandonment. To support termination under Section 161.001(1)(E), the offending conduct does not need to be directed at the child, nor does the child actually have to suffer an injury. *J.O.A.*, 283 S.W.3d at 345. A parent's use of narcotics and the effect of such use on his ability to parent may qualify as an endangering course of conduct. *Id.* Mere imprisonment, standing alone, does not constitute conduct that endangers the emotional or physical well-being of a child. *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533–34 (Tex. 1987). However, if the evidence, including imprisonment, shows a course of conduct that has the effect of endangering the physical or emotional well-being of the child, a

finding under Section 161.001(1)(E) is supportable. *Id.* Endangering conduct is not limited to actions directed toward the child and "may include the parent's actions before the child's birth," including evidence of drug usage. *J.O.A.*, 283 S.W.3d at 345.

To support termination for constructive abandonment under Section 161.001(1)(N), it must be shown that the Department or an authorized agency had been the managing conservator of the child for not less than six months, that the Department or authorized agency had made reasonable efforts to return the child, that the parent had not regularly visited or maintained significant contact with the child, and that the parent had demonstrated an inability to provide the child with a safe environment.

J.A.L. was born in January 2012. The record shows that he has been under the managing conservatorship of the Department since January 27, 2012. J.A.L. was placed in the same foster home in which his older brother had been placed. The final hearing in this case commenced on June 24, 2013. At that time, Appellant had not even met J.A.L. Appellant was released from prison in September 2012 and arrested again on November 28, 2012. About four or five months prior to his release from prison, Appellant was informed that he might be J.A.L.'s father. Appellant was in jail when the DNA test results confirmed that Appellant was J.A.L.'s father. The Department had no personal contact with Appellant but did send him correspondence through the mail. Appellant recommended that J.A.L. be placed with Appellant's mother or sister while Appellant was incarcerated; however, neither responded to the Department's attempts to contact them regarding placement.

At the time of the final hearing in this case, Appellant was in jail and did not know when he would be released. In addition to pending charges for possession of

methamphetamine and evading arrest, there was a "parole hold" on Appellant. Appellant had two prior convictions for possession of methamphetamine, one prior conviction for possession of marihuana, and one prior conviction for evading arrest. Appellant invoked the Fifth Amendment and refused to answer questions posed to him about whether he was addicted to methamphetamine and whether he sold drugs. We note that a trier of fact in a civil case is free to draw negative inferences from a witness's repeated invocations of the Fifth Amendment. *Wilz v. Flournoy*, 228 S.W.3d 674, 677 (Tex. 2007); *see* TEX. R. EVID. 513(c).

The trial court's finding under Section 161.001(1)(E) is supported by the record. There was clear and convincing evidence from which the trial court could reasonably have formed a firm belief that Appellant engaged in a course of conduct that endangered the physical or emotional well-being of J.A.L. The evidence indicates that Appellant was released from prison and rearrested after he knew that he could be J.A.L.'s father. Appellant had three prior drug-related convictions. Appellant's drug activity and repeated incarceration constituted a course of conduct that endangered J.A.L.'s well-being. Appellant was not able to personally care for J.A.L., and his suggested placements did not respond to notifications from the Department. Appellant's second issue is overruled.

The trial court's finding under Section 161.001(1)(N) is also supported by the record. There was clear and convincing evidence that the Department had been J.A.L.'s managing conservator for more than six months, that the Department had made reasonable efforts to return J.A.L. or contact Appellant's suggested placements, that Appellant had not regularly visited or maintained significant contact with J.A.L., and that Appellant had demonstrated an inability to provide J.A.L. with a safe environment. Appellant's third issue is overruled.

## V. *This Court's Ruling*

We affirm the trial court's order of termination.

MIKE WILLSON

JUSTICE

December 19, 2013

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.