# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00368-CV

**Max Hudson, Appellant**

**v.**

**The Honorable Ken Paxton,[1] Attorney General of Texas; and
Region 16 Education Services Center, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-11-000594, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Max Hudson appeals a trial court's judgment denying his request for attorneys' fees pursuant to the Texas Public Information Act (PIA). *See* Tex. Gov't Code §§ 552.001-.353. Hudson argues that he substantially prevailed in the proceedings below and that the trial court erred in failing to award him attorneys' fees under the PIA. Because we conclude that Hudson did not substantially prevail, as required to be eligible for an award of attorneys' fees under the PIA, we will affirm the trial court's judgment.

## BACKGROUND

In November 2010 Hudson, a former Region 16 Education Services Center (the Center) employee, made a request pursuant to the PIA that the Center release all documentation in

---

[1] We substitute Ken Paxton, in his official capacity, as successor to Greg Abbott, as Attorney General of Texas. *See* Tex. R. App. P. 7.2(a).

his personnel file and all email correspondence regarding his termination. *See id.* § 552.021. The Center released most of the information responsive to the request but withheld certain email correspondence, asserting that this information was excepted from disclosure because it constituted privileged attorney-client communications. *See id.* § 552.101 (excepting from disclosure information considered to be confidential by law, either constitutional or statutory, or by judicial decision). The Center then sought a ruling from the Texas Attorney General as to whether the information could be withheld pursuant to section 552.101 or was, instead, public information subject to disclosure. *See id.* § 552.301 (requiring governmental body wishing to withhold information pursuant to section 552.101 to request decision from attorney general). The Center subsequently submitted a brief in support of its request for a ruling in which it argued that the information withheld was excepted from disclosure pursuant to PIA section 552.107(1). *See id.* § 552.107(1) (excepting from disclosure information political subdivision is prohibited from disclosing because of duty to client under Texas Rules of Evidence or Texas Disciplinary Rules of Professional Conduct). The Attorney General issued a letter ruling stating that the Center did not timely assert its claim under section 552.107, resulting in a legal presumption that the information was public and must be released unless the Center demonstrated that there was a compelling reason to withhold it. *See id.* § 552.302. The Attorney General concluded that no such compelling reason existed, and the Center could not withhold the information. *See* Tex. Att'y Gen. OR2011-01289.

The Center challenged the Attorney General's ruling by timely filing suit in Travis County district court in February 2011. *See id.* § 552.324 (governmental body may file suit in Travis County district court against attorney general seeking declaratory relief from compliance with

2

attorney general's decision). Hudson intervened in the lawsuit seven months later and requested that the trial court order the Center to release the requested information. *See id.* § 552.325(a) (requestor is entitled to intervene in suit filed by governmental body pursuant to section 552.324). Thereafter, the parties exchanged written discovery and Hudson deposed the Center's executive director. In September 2012, Hudson filed a motion for summary judgment, which also requested an award of $22,200 in attorneys' fees. The motion for summary judgment was not set for a hearing. On or about November 7, 2012, the Center voluntarily released all the requested information to Hudson and to the Attorney General. Hudson then filed a motion for attorneys' fees seeking an award of $25,000 pursuant to PIA section 552.323(b). *See id.* § 552.323(b) (court may assess reasonable attorneys' fees incurred by plaintiff who substantially prevails in action brought pursuant to section 552.324). The Attorney General and the Center each filed motions for summary judgment asserting that the Center's production of the requested information rendered the case moot.

After a hearing, the trial court agreed that the Center's production of documents rendered the controversy moot and granted the Attorney General's and the Center's motions for summary judgment. Relying on this Court's decision in *Dallas Morning News, Inc. v. City of Arlington*, No. 03-10-00192-CV, 2011 WL 182886 (Tex. App.—Austin Jan. 21, 2011, no pet.) (mem. op.), the trial court also ruled that Hudson was not entitled to an award of attorneys' fees because he did not "substantially prevail" in the litigation as required to be eligible for such an award under PIA section 552.323(b). The court denied the motion for attorneys' fees and rendered judgment dismissing the case in its entirety. Hudson perfected this appeal.

3

**DISCUSSION**

PIA section 552.323(b) provides:

> In an action brought under Section 552.324, the court may assess costs of litigation and reasonable attorney's fees incurred by a plaintiff or defendant who substantially prevails. In exercising its discretion under this subsection, the court shall consider whether the conduct of the governmental body had a reasonable basis in law and whether the litigation was brought in good faith.

Tex. Gov't Code § 552.323(b). Thus, to be eligible for a fee award, Hudson must have substantially prevailed in his suit against the Center.[2] In *Dallas Morning News* this Court held that when, during the course of proceedings filed by a requestor to compel release of withheld information, the governmental body voluntarily releases the information, the requestor has not "substantially prevailed" as required to be eligible for an award of attorneys' fees under PIA section 552.323(b). *Dallas Morning News*, 2011 WL 182886, at *4 ("The News has presented no evidence to support its assertion that it somehow 'forced' the City to release the documents, and we therefore conclude that the document release was a voluntary decision of the City. *Buckhannon* [*Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., Inc.*, 532 U.S. 598 (2001)] clearly indicates that this type of voluntary action does not make the News a prevailing party."). The Court explained that this conclusion was compelled by both Texas Supreme Court and United States Supreme Court precedent. *See Buckhannon*, 532 U.S. at 606 (rejecting theory that party prevails when defendant,

---

[2] Hudson's status as an intervenor would not disqualify him for a fee award in the event he substantially prevailed on the claims he asserted in his petition in intervention. *See In re Ford Motor Co.*, 442 S.W.3d 265, 274 (2014) (orig. proceeding) ("Intervenors can be characterized as plaintiffs or defendants depending on the claims asserted and relief requested by the intervenor."). Hudson could properly be characterized as a plaintiff in the proceedings below.

4

in response to plaintiff's claims, voluntarily changes its conduct in manner that moots controversy); *Intercontinental Group P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009) (holding that to qualify as prevailing party there must be judicially sanctioned "relief on the merits" that "materially alters the legal relationship between the parties" such as damages award, injunctive or declaratory relief, or consent decree or settlement in party's favor); *see also Environmental Conservation Org. v. City of Dallas*, 307 F. App'x 781, 784 n.1 (5th Cir. 2008) (treating "substantially prevail" language in Freedom of Information Act as functional equivalent of "prevailing party" language found in other statutes); *Oil, Chem. & Atomic Workers Int'l Union, AFL-CIO v. Department of Energy*, 288 F.3d 452, 455-57 (D.C. Cir. 2002) (confirming that *Buckhannon* applied to Freedom of Information Act cases and that to be eligible for attorneys' fee award party must have been "awarded some relief by [a] court," either in judgment on merits or in court-ordered consent decree).[3]

Relying on this authority, the Attorney General and the Center opposed Hudson's motion for attorneys' fees and argued that because the Center voluntarily released the information it had been withholding, Hudson did not "substantially prevail," and was therefore ineligible for an award of attorneys' fees under PIA section 552.323(b). The Attorney General and the Center asserted that a requestor under the PIA does not prevail, substantially or otherwise, when the purpose for the suit becomes moot due to voluntary actions of the other party. *See Texas State Bd.*

---

[3] The United States Congress later passed the OPEN Government Act of 2007, Pub. L. No. 110-175, which abrogated the *Buckhannon* rule in the context of Freedom of Information Act cases and revived the possibility of FOIA attorneys' fee awards in the absence of court-ordered relief. Specifically, the OPEN Government Act redefined "substantially prevail[ing]" to include "obtain[ing] relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii).

*of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 704 (Tex. App.—Austin 2013, no pet.); *Dallas Morning News*, 2011 WL 182886, at *4. It is apparent from the reporter's record of the hearing on the motion for attorneys' fees that the trial court denied the motion based on this Court's opinion in *Dallas Morning News.*

In his first appellate issue, Hudson argues that the trial court "abused its discretion by relying on a case that had no precedential value because it was unpublished." This Court's memorandum opinion in *Dallas Morning News* was issued on January 21, 2011. Texas Rule of Appellate Procedure 47.7 provides that memorandum opinions issued after January 1, 2003 have precedential value. *See* Tex. R. App. P. 47.7. The comments to the rule specifically state that "[a]ll opinions and memorandum opinions in civil cases issued after the 2003 amendment [to rule 47] have precedential value." Hudson's first issue is overruled.

In his second and third appellate issues, Hudson urges this Court to reconsider its holding in *Dallas Morning News*. Hudson contends that the Court's construction of the term "substantially prevail" was contrary both to the clear and unambiguous language of the statute and to legislative intent because it ignores the legislature's use of the word "substantially" to modify "prevail" and, in his view, reads it out of the statute. As this Court held in *Dallas Morning News*, and reaffirmed in *Giggleman*, the term "substantially prevail" incorporates the concept of a "prevailing party" and, consequently, must "be construed in line with Texas Supreme Court jurisprudence, derived from federal jurisprudence, addressing prevailing-party requirements for recovering attorneys' fees." *Giggleman*, 408 S.W.3d at 703. The Texas Supreme Court has held that a plaintiff does not "prevail" for purposes of qualifying for attorneys' fees under a fee-shifting

6

statute unless it obtains (1) judicially sanctioned "relief on the merits" of its claim that (2) "materially alters the legal relationship between the parties." *KB Home Lone Star*, 295 S.W.3d at 653-54. Thus, we held that to "substantially prevail" a party must, at a minimum "prevail," and that a requestor whose claim is rendered moot by the voluntary actions of the governmental agency does not meet the supreme court's test for a prevailing party. *See Giggleman*, 408 S.W.3d at 704; *Dallas Morning News*, 2011 WL 182886, at *4.

While addressing an argument similar to Hudson's regarding the statute's inclusion of the term "substantially" to modify "prevail," the Fifth Circuit explained:

> [A]ll must agree that a "prevailing party" and a "party who prevails" are synonymous. FOIA's addition of the modifier "substantially" might possibly be taken as limiting the category of "prevailing parties," but it cannot be taken as expanding the universe of parties eligible for a fee award. To put this in concrete terms, a FOIA plaintiff may seek thousands of documents but wind up with a judgment providing only a handful of insignificant documents. One might say this plaintiff was a prevailing party, but nevertheless not say that the plaintiff substantially prevailed. . . . Consistent with our practice (and the Supreme Court's) of viewing the various fee-shifting statutes as interchangeable, we have in the past treated the "substantially prevail" language in FOIA as the functional equivalent of the "prevailing party" language found in other statutes.

*Oil, Chem. & Atomic Workers Int'l Union*, 288 F.3d at 455-56 (citations omitted). This Court took the same approach in *Dallas Morning News* and in *Giggleman.* In both cases we held that when the governmental body voluntarily releases withheld documents to a requestor, rendering the controversy moot, the requestor does not meet the requirement that he "substantially prevailed" such that he is eligible for an award of attorneys' fees under PIA section 552.323(b). We decline Hudson's invitation to reconsider these holdings.

7

Hudson also points out that, in response to criticism of federal court opinions holding that a plaintiff in a FOIA action is only eligible for an attorneys' fee award if he has obtained judicial relief, Congress passed the OPEN Government Act, which redefined "substantially prevail[ing]" to include "obtain[ing] relief through . . . a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *See* 5 U.S.C. § 552.(a)(4)(E)(ii). According to the District of Columbia Court of Appeals, this change was driven by a concern that the requirement that the requestor obtain judicial relief:

> allow[ed] the government to stonewall valid FOIA claims but prevent an award of attorney fees by disclosing the documents at the last moment before judgment. An agency could simply refuse a FOIA request, wait for a lawsuit to be filed, drag its heels through the litigation process, and then release the requested documents at the last moment if the plaintiff appeared likely to win a judgment. Agencies could force FOIA plaintiffs to incur litigation costs while simultaneously ensuring that they could never obtain the merits judgment they needed to become eligible for attorney fees.

*Brayton v. Office of the United States Trade Representative*, 641 F.3d 521, 525 (D.C. Cir. 2011). Hudson argues that we should construe the PIA, which is modeled on the Freedom of Information Act, to have the same standard for eligibility for an attorneys' fee award as does FOIA. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 355 (Tex. 2000) (noting that Texas Legislature passed PIA using federal Freedom of Information Act as model).

As an initial matter, we note that the current standard for eligibility for an attorneys' fee award under FOIA is the result of Congress's passage of legislation specifically designed to "abrogate[] the *Buckhannon* rule in the FOIA context and revive[] the possibility of FOIA fee awards in the absence of a court decree." *Brayton*, 641 F.3d at 525. The Texas Legislature has taken no

8

similar action with regard to the PIA. Thus, for the reasons stated in *Dallas Morning News* and

*Giggleman*, the controlling authority for construing "substantially prevail" continues to be the

Texas Supreme Court's holding in *KB Home Lone Star*, which derives from the United States

Supreme Court's requirements for obtaining prevailing-party status under a fee-shifting statute as

articulated in *Buckhannon*. To the extent Hudson asserts that we nonetheless interpret the PIA as

incorporating the OPEN Government Act's amendments to FOIA, the supreme court has rejected

a similar invitation to incorporate amendments to Title VII of the Civil Rights Act into the Texas

Commission on Human Rights Act. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500,

506-07 (Tex. 2012). The supreme court explained:

> The general purposes provision of the TCHRA states that one of its purposes is "to
> provide for the execution of the policies of Title VII of the Civil Rights Act of 1964
> and its subsequent amendments." We have cited this provision when looking to
> federal law in interpreting the TCHRA, and have specifically stated that we should
> correlate the TCHRA with Title VII when possible. But we have never said that the
> general purposes provision requires the TCHRA to forever remain identical to Title
> VII, regardless of subsequent congressional amendments to the federal act. Rather,
> we consider the plain terms of the TCHRA and our precedent, and look to federal law
> for guidance only when the relevant provisions of Title VII are analogous. Here,
> although the TCHRA and Title VII were previously analogous regarding when an
> unlawful employment practice occurs, after the Ledbetter Act, this is no longer true
> where pay discrimination complaints are concerned.

*Id.* at 507 (citations omitted). The supreme court then declined to read the TCHRA's general purpose

provision as requiring the incorporation of subsequent amendments to Title VII into the TCHRA

because (1) the TCHRA's plain language does not evidence a legislative intent that Title VII

amendments should be automatically incorporated into its provisions, (2) the TCHRA is not identical

to Title VII and the legislature has not indicated an intent to make it so, and (3) the legislature has

9

never treated the general purposes provision as automatically incorporating amendments made to Title VII into the TCHRA, "but has instead acted legislatively when it wishes to conform the TCHRA to Title VII." *Id.* at 507-08.

The argument for incorporating amendments to the federal Freedom of Information Act into the PIA is even less compelling from the outset because the PIA does not have a general purpose provision similar to the TCHRA's, which states that one of that statute's purposes is to execute the policies of Title VII of the Civil Rights Act and its subsequent amendments. *See* Tex. Lab. Code § 21.001(1). Rather, the PIA's stated policy is to provide public access "at all times to complete information about the affairs of government and the official acts of public officials and employees." *See* Tex. Gov't Code § 552.001. Nothing in the statute evidences the legislature's intent that this policy be pursued by conforming the PIA in every respect to the Freedom of Information Act. Consistent with our previous holdings in *Dallas Morning News* and *Giggleman*, we decline to read into the PIA amendments to FOIA that Congress passed for the purpose of expanding the category of plaintiffs eligible for attorneys' fee awards under that statute. Any corresponding expansion of a PIA plaintiff's eligibility for an award of attorneys' fees under section 552.323(b) must come from the legislature, not this Court. We overrule Hudson's second and third appellate issues.

**CONCLUSION**

Having overruled Hudson's three appellate issues, we affirm the trial court's final judgment dismissing the suit and denying Hudson's request for an award of attorneys' fees.

10

_____

David Puryear, Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed

Filed:   February 20, 2015