# Supreme Court of Texas

### No. 20-0682

Sunchase IV Homeowners Association, Inc. and Board,

*Petitioners*,

v.

David Atkinson,

*Respondent*

On Petition for Review from the
Court of Appeals for the Thirteenth District of Texas

**PER CURIAM**

Justice Lehrmann did not participate in the decision.

This case concerns whether a defendant condominium association is entitled to attorney's fees after obtaining a take-nothing judgment on claims by a plaintiff unit owner. Because we have held that a party may qualify as a "prevailing party" by "successfully defending against a claim and securing a take-nothing judgment," *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 486 (Tex. 2019), we conclude that the fee award was authorized by Section 82.161(b) of the Texas

Property Code. Accordingly, we reverse the court of appeals' judgment as to attorney's fees.

Sunchase IV is a condominium complex in South Padre Island, Texas. The property is administered and managed by Sunchase IV Homeowners Association (Sunchase), a non-profit corporate entity of which each unit owner is a member. Sunchase's Board operates the property subject to rules and regulations contained in the Sunchase IV Homeowners Association, Inc. Condominium By-Laws and the Sunchase IV Condominium Declaration and Master Deed (the Governing Documents).

David Atkinson owns a unit in the Sunchase IV complex. In July 2008, Hurricane Dolly caused damage to Sunchase IV, including Atkinson's unit. Following a lengthy repair and insurance disbursement process, Atkinson sued Sunchase and its Board for fraud, civil conspiracy, breach of fiduciary duty, breach of contract, negligence, gross negligence, conversion, and trespass. Atkinson alleged that Sunchase created a fraudulent scheme to keep insurance monies from, and shift the hurricane repair obligations to, individual unit owners. He also asserted that Sunchase violated its Governing Documents by altering portions of individual units, making secretive repairs inside his unit, and failing to repair common elements of the building. Finally, he contended that Sunchase unlawfully used his air conditioning and violated terms of a previous settlement agreement by giving "preferential parking" to motorcycles, trailers, and boats.

In response, Sunchase filed a counterclaim for declaratory judgment and requested attorney's fees under Section 82.161 of the

Texas Property Code (the Uniform Condominium Act) and Section 37.009 of the Texas Civil Practice and Remedies Code (the Uniform Declaratory Judgments Act). Sunchase moved for partial summary judgment and the trial court granted its motion on twelve declaratory issues, including that "Sunchase [was] entitled to reasonable attorney's fees and costs of litigation from Atkinson in the event Sunchase prevail[ed]." The case proceeded to trial on Atkinson's remaining claims and Sunchase's claim for attorney's fees. Ultimately, the jury found that Sunchase did not breach a fiduciary or contractual duty to Atkinson, Sunchase did not trespass, and Sunchase was entitled to reasonable attorney's fees of $135,029.94 for trial and $85,000 for appeal. Atkinson appealed.

The court of appeals affirmed the trial court's take-nothing judgment, concluding that Atkinson's substantive challenges were either waived or unsupported by the record. The court of appeals also rejected Atkinson's argument that Sunchase had failed to segregate its fees, but it held that Sunchase was not entitled to attorney's fees under either theory asserted in the trial court. As to Section 37.009, the court concluded that Sunchase "did not state a claim for affirmative relief" because its request for declaratory relief was a mirror image of Atkinson's claims. ___ S.W.3d ___, 2020 WL 2079093, at *15 (Tex. App.—Corpus Christi–Edinburg Apr. 30, 2020). Regarding Section 82.161, the court of appeals concluded that Sunchase was not a prevailing party because (1) it was not adversely affected by a violation of Chapter 82 or the condominium's declaration or bylaws, and (2) it did not seek affirmative relief.

3

Sunchase filed a petition for review in this Court, arguing that (1) a defendant that obtains a take-nothing judgment may qualify as a prevailing party under Section 82.161, and (2) Sunchase's requests for declaratory relief either were not mirror images of Atkinson's claims or qualified for an exception to the mirror-image rule.

Consistent with our decision in *Rohrmoos*, we conclude that Sunchase is entitled to attorney's fees because it is a prevailing party under Section 82.161(b). Because a single legal basis is sufficient to support the trial court's award of fees, we do not reach Sunchase's second issue.

Though the general rule is that litigants are responsible for their own attorney's fees, parties may recover attorney's fees from an opposing party if authorized by a statute or contract. *Rohrmoos*, 578 S.W.3d at 484; *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996). Whether a party is entitled to attorney's fees is a question of law. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999).

Chapter 82 of the Texas Property Code governs the creation, management, and termination of condominiums. Section 82.161 provides:

> (a) If a declarant or any other person subject to this chapter violates this chapter, the declaration, or the bylaws, any person or class of persons adversely affected by the violation has a claim for appropriate relief.

> (b) The prevailing party in an action to enforce the declaration, bylaws, or rules is entitled to reasonable attorney's fees and costs of litigation from the nonprevailing party.

4

Because it provides that a prevailing party "is entitled to" attorney's fees, subsection (b) is a mandatory fee-shifting provision. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). The Legislature did not define "prevailing party" in Chapter 82, but we have previously construed the term in other contexts. *See Rohrmoos*, 578 S.W.3d at 484-86 (addressing "prevailing party" language in a contract); *Intercontinental Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653-55 (Tex. 2009) (drawing from "prevailing party" jurisprudence in the Supreme Court of the United States to construe "prevailing party" language in Section 38.001 of the Texas Civil Practice and Remedies Code).

The court of appeals concluded that "to qualify as the prevailing party, [Sunchase] must have shown that it was adversely affected by a violation of 'this chapter, the declaration, or the bylaws' and that it suffered damages or otherwise obtained affirmative relief from the trial court." 2020 WL 2079093, at *8 (quoting Tex. Prop. Code § 82.161(a)). This is a correct statement of the two-pronged test for identifying prevailing *plaintiffs*. But neither the text of Section 82.161 nor our cases support applying such a test to defendants.

First, the court of appeals incorrectly applied subsection (a) to Sunchase, holding that it must have been "adversely affected by a violation" of Chapter 82. But subsection (a) restricts the class of *plaintiffs* who may bring a cause of action under the Act. Only after subsection (a) has been met may a plaintiff—via an action to enforce the Chapter, declaration, or bylaws—obtain the "actual and meaningful relief . . . materially alter[ing] the parties' legal relationship" required to become a prevailing party under subsection (b). *Wheelbarger v. Landing*

5

*Council of Co–Owners*, 471 S.W.3d 875, 896-97 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (quoting *KB Home*, 295 S.W.3d at 652) (discussing the "prevailing party" element only after a plaintiff shows she was "adversely affected" by a violation).

In contrast, a defendant seeking fees need only satisfy subsection (b), which requires that it prevail "in an action to enforce" a condominium's governing documents or rules. It does not require the party seeking fees to be the same party who brought the action.

Second, the court of appeals incorrectly concluded that Sunchase must have suffered damages or obtained affirmative relief to qualify as a prevailing party. But the text of subsection (b), unlike some other fee-shifting statutes, does not contain a requirement that the prevailing party obtain damages or affirmative relief.[1] The court of appeals seemingly derived its rule from three cases involving prevailing plaintiffs. *See Farrar v. Hobby*, 506 U.S. 103, 109-10 (1992) (holding that "to qualify as a prevailing party, a civil rights *plaintiff* must obtain at least some relief on the merits of his claim" (emphasis added)); *KB Home*, 295 S.W.3d at 652 (adopting the rule from *Farrar* and concluding that "a *plaintiff* must prove compensable injury and secure an enforceable judgment in the form of damages or equitable relief" (emphasis added)); *Wheelbarger*, 471 S.W.3d at 896 (applying the rule from *KB Home* and holding that a condominium unit owner-plaintiff was

---

[1] *Cf.* TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8) (authorizing recovery of fees "in addition to the amount of a valid claim"); *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (holding that prevailing party must recover damages to obtain fees under Chapter 38).

not a prevailing party because she could not show "she suffered damages or otherwise obtained affirmative relief from the trial court").

In *KB Home*, we recognized but did not reach the question whether the requirements necessary for a prevailing plaintiff to recover fees would apply to differently situated parties, such as "breaching-but-nonpaying defendant[s]." 295 S.W.3d at 659. Since deciding *KB Home*, we provided an answer in *Rohrmoos* as to one class of defendants: those who successfully defend against a plaintiff's claims and obtain a take-nothing judgment. 578 S.W.3d at 486. *Rohrmoos* addressed whether a defendant could obtain attorney's fees under a commercial lease provision authorizing a fee award to "the prevailing party" in "any action to enforce the terms of this Lease." *Id.* at 484. We explained that *KB Home* considered "only what a *plaintiff* must prove to be a 'prevailing party.'" *Id.* at 485. Distilling the foundational principle from *KB Home* and *Farrar*, we concluded that "[a] defendant can obtain actual and meaningful relief, materially altering the parties' legal relationship, by defending against a claim and securing a take-nothing judgment on the main issue." *Id.* at 486.

Applying the rule from *Rohrmoos* here, we hold that Sunchase is a prevailing party under Section 82.161(b). First, because Atkinson alleged that his damages were due to violations of the Governing Documents and requested injunctive relief to interpret and enforce the Governing Documents, Atkinson's suit was an "action to enforce" the condominium declaration and bylaws under subsection (a). Specifically, Atkinson cites the Governing Documents as a basis for his claims of fraud, breach of contract, and breach of fiduciary duty, as well as his

7

allegations that Sunchase unlawfully made changes to common elements and gave preferential parking to certain vehicles.

Second, the trial court granted Sunchase a partial summary judgment on twelve declaratory issues and a partial directed verdict before the jury found against Atkinson on each of the remaining issues. Sunchase thus obtained a take-nothing judgment on all of Atkinson's substantive claims, so it was a prevailing party under subsection (b). *See Rohrmoos*, 578 S.W.3d at 486.

In conclusion, the court of appeals' decision regarding fees is contrary to our holding in *Rohrmoos*. Sunchase did not need to show it was adversely affected by a violation of Chapter 82 or obtain damages to qualify as a prevailing party under Section 82.161(b). Consistent with *Rohrmoos*, Sunchase is a prevailing party because it obtained a take-nothing judgment on the main issue of the litigation. Without hearing oral argument, TEX. R. APP. P. 59.1, we grant Sunchase's petition for review, reverse the court of appeals' judgment as to attorney's fees, and reinstate the trial court's judgment awarding fees to Sunchase.

**OPINION DELIVERED:** April 8, 2022

8